**DLA PIPER LLP**
TAMANY VINSON BENTZ (SBN 258600)
*tamany.bentz@dlapiper.com*
JASON T. LUEDDEKE (SBN 279242)
*jason.lueddeke@dlapiper.com*
MICHAEL P. BROWN (SBN 328579)
*michael.p.brown@dlapiper.com*
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Plaintiffs
TRACY ANDERSON MIND AND BODY, LLC and
T.A. STUDIO NEW YORK LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company; and T.A. STUDIO NEW YORK LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> MEGAN ROUP, an individual; and THE SCULPT SOCIETY, LLC, a California limited liability company, <br><br> Defendants. | Case No. 2:22-cv-04735-RSWL-E <br><br> **FIRST AMENDED COMPLAINT** <br><br> 1. **Federal Copyright Infringement, 17 U.S.C. §§ 106, 501** <br> 2. **Violation of Lanham Act, 15 U.S.C. § 1125(a)** <br> 3. **Breach of Contract** <br> 4. **Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200,** *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

**FIRST AMENDED COMPLAINT**

Plaintiffs Tracy Anderson Mind and Body, LLC ("TAMB") and T.A. Studio New York LLC ("TANY," and collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this suit against Defendants Megan Roup ("Roup") and The Sculpt Society, LLC ("TSS") (collectively, "Defendants").  Plaintiffs allege:

**INTRODUCTION**

1.      Tracy Anderson ("Anderson"), a pioneer of the choreography-based fitness movement, developed The Tracy Anderson Method ("TA Method") after decades of research, development, testing, and investment.  The TA Method is a revolutionary choreography protocol made up of custom and specific movements, sequences, and routines that uniquely combines choreography, fitness, and cardiovascular movement to help people create balance in their bodies so they can create balance in their lives.  Anderson's inventive and rigorous approach to, and brand of, choreography has cemented her as an international icon and authority in the industry for more than 20 years, revered by A-list celebrities, the media, and wellness enthusiasts alike.

2.      Anderson founded and is CEO of TAMB, which offers choreography-based fitness and mat movement classes at state-of-the-art studios around the world and in online classes, as well as lifestyle products related to wellness, nutrition, and apparel, among others.  TAMB is the owner of registered copyrights to various media, including DVDs created by and featuring Anderson, that express, relate to, or are based on the TA Method.  Anderson also owns TANY, a company under the TAMB umbrella that was founded to operate certain of her New York studios.

3.      TANY employed Roup as a trainer from 2011 until 2017.  Because it is necessary for Plaintiffs to disclose nonpublic information related to their business and the TA Method to trainers so that they can instruct the TA Method to clients, all trainers, including Roup, sign a Trainer Agreement.  The Trainer Agreement prohibits trainers, including Roup, from using or disclosing company "Confidential

Information," which includes its nonpublic business and operational information, training materials and manuals, and the transcribed methods taught to trainers, including those comprising the TA Method's proprietary choreography movements, sequences, and routines. This obligation expressly survives a trainer's termination of employment. The Trainer Agreement Roup signed is dated February 28, 2011.

4. During her six-plus year tenure at TANY, Roup learned, was exposed to, and had access to significant Confidential Information, such as (i) training materials, choreography transcriptions, and custom write-ups related to the performance and teaching of the TA Method, including its specialized programs, like those for pre- and postnatal customers, and those on apparatuses such as chairs or stools; and (ii) business information, customer lists, and operating procedures, such as specialized customer intake methods. In short, Roup had access to all material necessary to replicate the TA Method and related business, and she wasted no time in doing so.

5. Roup quit TANY in or around February 2017. Just one month later in March 2017, she founded TSS, which also offers choreography-based fitness and mat movement classes and directly competes with Plaintiffs. TSS began with Roup teaching in-person classes, but as of late 2019, became primarily an online- and app-based membership service, where paying customers access videos of Roup and TSS employees performing routines that they can perform at home. Just as Anderson emphasizes her dance background as the foundation of her program, Defendants also emphasize Roup's dance background as the foundation of their program, and even brand it similarly to Anderson's. For instance, Anderson branded her program "The Tracy Anderson Method" or the "TA Method," and Defendants branded their program as "The Sculpt Society Method" or "TSS Method."

6. Since late 2019 through the present, Defendants have published over 400 videos on the TSS app and website behind a paywall, including as recently as Spring 2022, which remain accessible to paying customers as of the date of this

FIRST AMENDED COMPLAINT

filing.  On information and belief, Plaintiffs allege that a significant number of the videos infringe TAMB's copyrights in Anderson's DVDs, and a significant number of the videos were created using Confidential Information Roup learned, accessed, or was exposed to while employed at TANY in breach of the Trainer Agreement. On information and belief, Plaintiffs allege that Defendants have also used, and still use, Confidential Information related to Plaintiffs' business to found and facilitate the continued operation and growth of their own business, and that Roup has disclosed Confidential Information to third-parties, including employees, affiliates, and/or customers of TSS in further breach of the Trainer Agreement.

7. Defendants have since achieved a considerable social media presence and customer base.  But despite Roup's six-plus year employment at TANY, part of Anderson's companies that revolutionized choreography-based fitness, Defendants have never credited Anderson or Plaintiffs for training, teaching, or developing Roup, or for creating the choreography movements, sequences, and routines that now comprise the TSS Method.  Defendants do not reference Roup's association with Plaintiffs or Anderson on the TSS website, TSS promotional materials, interviews, or appearances.  In fact, Defendants purposefully conceal it from the public.  For instance, in recent interviews, Roup stated only that she "worked for a local studio" and "taught for six and a half years" in New York before founding TSS.  Her LinkedIn similarly omits her employment at TANY despite listing other employments during the years she worked at TANY.

8. Defendants have capitalized on the years of research, money, and sweat equity Anderson and Plaintiffs put into developing the TA Method and the business surrounding it to the detriment of Plaintiffs.  Defendants' false and/or misleading public statements and advertising create the false impression that (i) Roup developed the TSS Method over a period of multiple years, when she did not; (ii) the TSS Method was created through years of science-based research, development, data collection and analysis, and trial and error, when it was not; and (iii) the TSS

FIRST AMENDED COMPLAINT

1    Method is significantly different from the TA Method, when it is not.

2         9.     Defendants' conduct, and representations in advertising and promotion,

3    have created a likelihood of consumer confusion as to the nature, characteristics, and

4    qualities of the TSS Method, which is further compounded by Defendants' naming

5    convention that looks like and imitates Plaintiffs' naming convention.  For example,

6    reviews of the TSS app alone are replete with instances of consumer confusion and

7    misattribution that Defendants have caused, including statements such as, "[Roup] is

8    brilliant – don't know how she does it – her reps and routines are genius," "[Roup's]

9    movements are unique and better than I could have ever thought of," and "I am a

10   fellow instructor and her movements/choreography blow me away.  How does she

11   come up with such fun and creative workouts?"

12        10.    Defendants' misconduct constitutes federal copyright infringement

13   under 17 U.S.C. §§ 106 and 501; violation of the Lanham Act, 15 U.S.C. § 1125(a);

14   breach of contract; and violation of Cal. Bus. & Prof. Code § 17200.  Defendants

15   have caused significant harm to Plaintiffs, which seek, among other remedies,

16   damages and injunctive relief to enjoin Defendants' false and/or misleading

17   descriptions or representations of fact in commerce, use of Plaintiffs' Confidential

18   Information, and infringement of TAMB's copyrights.

19                        **JURISDICTION AND VENUE**

20        11.    This Court has jurisdiction over the subject matter of this action

21   pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the

22   remaining state law claims under 28 U.S.C. § 1367(a) because those claims are so

23   related to Plaintiffs' federal claims that they form part of the same case or

24   controversy and derive from a common nucleus of operative facts.

25        12.    This Court has personal jurisdiction over Roup because she is a resident

26   of Los Angeles, California.  This Court has personal jurisdiction over TSS because

27   it conducts business in Los Angeles, California.

28        13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because

1   Roup resides in this District and TSS conducts business in this District.  Venue is

2   also proper in this District under 28 U.S.C. § 1391(b)(2) because acts, liabilities, and

3   events giving rise to this action occurred within this District.

**THE PARTIES**

4

5   14.   Plaintiff TAMB is a Delaware limited liability company with its

6   principal place of business in the County of New York, New York.

7   15.   Plaintiff TANY is a California limited liability company with its

8   principal place of business in the County of New York, New York.

9   16.   Defendant Roup is an individual residing in the County of Los Angeles,

10  California.

11  17.   Defendant TSS is a California limited liability company with its

12  principal place of business in the County of Los Angeles, California.

**FACTUAL BACKGROUND**

13

14  **Anderson Creates the TA Method After Years of Research and Development**

15  18.   Trained as a dancer, Anderson began developing the TA Method in the

16  late 1990s to achieve for herself the elusive "dancer's body," which emphasizes a

17  long and lean frame.

18  19.   After years of research, testing, and refinement, Anderson created the

19  TA Method, a choreography protocol made up of custom and specific movements,

20  sequences, and routines that uniquely combines choreography, fitness, and

21  cardiovascular movement to help people create balance in their bodies so they can

22  improve their lives by further connecting to their primal right to move through

23  specifically tailored choreography that took a significant amount of study to

24  develop.  Rooted in research, dance and the elements of choreography, the TA

25  Method is designed to not only be effective and fun, but also aesthetically engaging

26  and appealing, and capable of being conducted as a performance art.  The

27  movements are inventive, nuanced, and complex; are arranged in a designated and

28  continuous choreographed sequence like ballet or contemporary dance; are

1    deliberately paced; and are set to music, which Anderson purposefully selects to fit a

2    given choreography.  In short, each of Anderson's routines constitutes a related

3    series of movements organized into an integrated, coherent, and expressive whole.

4            20.    After developing the TA Method for herself, Anderson sought to apply

5    it to others, regardless of genetic background or body type.  To do so, in 2003, she

6    conducted a study in which she spent five years working with 150 women, all with

7    different genetic backgrounds and body types, using the TA Method.  Anderson

8    took measurements of the women every ten days, which amounted to over 27,000

9    measurements over the course of the study and customized the choreographed

10   movements and sequences to each woman based on her progress.  Anderson tracked

11   and studied the results, and following the study, adapted the TA Method so that it

12   was effective in conferring physical and mental benefits to anybody and creating

13   balance where imbalance existed in their bodies.

14           21.    Thereafter, in 2003, Anderson released her first DVD called *The Tracy*

15   *Anderson Method Dance Cardio Workout*, in which Anderson performed the TA

16   Method for customers to follow along with at home.  Following the success of the

17   DVD, Anderson opened her first studio in Los Angeles in 2005, where she offered

18   in-person classes.

19           22.    In or about 2008, Anderson founded TANY to operate certain studios

20   in New York and employ trainers in those studios.  In or about 2010, Anderson

21   founded a related entity, TAMB, to operate the entirety of Anderson's business.

22   Anderson is CEO of TAMB, which has since become the umbrella company under

23   which others, like TANY, operate.

24           23.    Over the past 15-plus years since then, the TA Method has become one

25   of the premier choreography-based fitness programs in the world.  Today, TAMB

26   offers members choreography-based fitness and mat movement classes at state-of-

27   the-art studios around the world as well as online classes.  TAMB has also expanded

28   into developing lifestyle products related to wellness, nutrition, and apparel, among

others.  Due to the popularity of the TA Method and TAMB's expansion into various wellness spheres, Anderson has amassed a substantial social media following as an influencer and entrepreneur.  Thus, the TA Method has become synonymous with Anderson.

24.  Anderson's content output is significant as well.  In addition to *The Tracy Anderson Method Dance Cardio Workout* DVD, Anderson has released DVDs titled *The Metamorphosis*, *The Pregnancy Project*, *The Post Pregnancy 2*, *The Perfect Design*, *Unleash Your Inner Popstar*, and *Total Teen*.  Anderson has authored two books, *Tracy Anderson's 30-Day Method* and *Total Teen*.  She also regularly records and releases new videos for subscribing TAMB members to stream online.

25.  Anderson has invested significant funds and countless hours into developing, refining, and inventing choreography movements, sequences, and routines, and continues to do so.  In total, Anderson has created over 200,000 movements as part of the TA Method, and spends at least 30 hours each week refining the movements and sequencing them, and developing new ones.

26.  While it is possible for an individual to watch one of Anderson's online videos or attend one of her classes and replicate certain of the movements, or even sequences, in isolation, doing so is insufficient to achieve the benefits intended by Anderson because without knowing the proprietary reasoning and methodology behind the movements and how and why to sequence them in a certain way, the full benefit of the TA Method cannot be realized.

**Roup Learns Confidential Information as an Employee of TANY**

27.  Due to the expansion and popularity of the TA Method, Plaintiffs employ trainers who are taught the TA Method so they can themselves instruct the TA Method to customers.  TANY employed Roup as a trainer from 2011 until her departure in 2017.

28.  As set forth above, Anderson worked relentlessly for years to develop

1   the TA Method and materials that express or relate to it.  Because it is necessary for

2   Plaintiffs to disclose nonpublic information related to the companies and the TA

3   Method to trainers so that they can instruct the TA Method to customers, Plaintiffs

4   condition their employment of all trainers, including Roup, on their agreement not to

5   use or disclose such information.

6        29.    Therefore, upon being hired, Roup entered into the Trainer Agreement

7   with TANY on February 28, 2011 (it was revised in a non-substantive way on June

8   11, 2011).  The Trainer Agreement prohibits Roup from using or disclosing the

9   company's "Confidential Information":

10           During your employment and following any termination
             thereof, . . . you shall not use or disclose any confidential or
11           proprietary . . . training materials or methods (including, but
             not limited to, workouts, movements, exercise routines,
12           exercise formulas, nutrition advice, content, sequences,
             prescriptions, dances, muscular structure work and
13           equipment), . . . operating policies or manuals, business
             plans, financial records, or other financial, commercial,
14           business or technical information . . . that relate to the
             Company or any of its affiliates . . . (collectively,
15           "Confidential Information") to any third Person . . . .

16       The obligation not to use or disclose the Confidential Information explicitly

17   survives the termination of a trainer's employment.

18       30.    As part of their training, and by virtue of being employees of TANY,

19   all trainers, including Roup, learn, are exposed to, and have access to the

20   Confidential Information.  During her six-plus year tenure at TANY, Roup:

21       (i) received nonpublic training materials and manuals, choreography

22   transcriptions, and custom write-ups related to the performance and teaching of the

23   TA Method;

24       (ii) had access to outlines of movement sequences and instructions related to

25   performing each of the TA Method programs in circulation during that period,

26   including specialized programs, like those for pre- and postnatal customers, and

27   those on apparatuses such as chairs or stools;

28       (iii) learned how to structure, organize, and compile Anderson's

-8-

FIRST AMENDED COMPLAINT

choreographed routines—including Anderson's unique warmup routine, how and when to use light weights, the number of repetitions for specific movements, and how to progress from one sequence to the next—and why Anderson's choreographed routines were structured, organized, and compiled the way they were;

(iv) was informed of Anderson's research and findings, and the reasoning behind her sequencing decisions; and

(v) learned Plaintiffs' business practices and protocols, such as Anderson's one-on-one customer consultation and intake methodology, and the process by which those customers are evaluated for imbalances.

31.    For instance, Roup received or had access to TANY's nonpublic transcriptions of choreography routines.  The transcriptions lay out, from start to finish, entire choreography routines, including detailed descriptions of how to position the body, how to perform them, and the order and sequence in which to perform them (i.e., "Face NW side, W elbow down, resting on knees with shins and feet up.  [E]xtend NW leg to high straight back parallel arabesque, return to starting position, lift W leg to side fire hydrant and return to start.").  The purpose of the transcriptions is not only to document choreography routines, but to teach trainers and save time by serving as reference materials.  TANY invested time, labor, and money into developing and drafting each transcription, each of which has independent value to the company.

32.    On information and belief, Plaintiffs allege that Roup, while still employed by TANY, began using the Confidential Information, and access thereto, to plan or create the choreography routines, business plan and structure, and promotional materials that would form the foundation of and help launch TSS. TSS' website currently states, "[R]oup *spent years* teaching fitness and *developing The Sculpt Society method* before launching in 2017" (emphasis added).  Roup was employed by TANY for the six-plus years immediately preceding TSS' launch in

FIRST AMENDED COMPLAINT

1  2017.  Moreover, Roup took photographs with Plaintiffs' celebrity clientele with

2  TANY's upscale facilities in the background before quitting TANY and then later

3  used those photographs on the TSS website to give her fledgling company an air of

4  legitimacy and establishment at Plaintiffs' expense.

5     33. In or about early 2017, Roup informed TANY that she was terminating

6  her employment.  On or about February 2, 2017, TANY provided Roup with a

7  termination letter, which stated in relevant part:

8      *Preservation of Confidential Information for the benefit of*
       *the Company.*  You have agreed not to use or disclose any

9      Confidential Information of the Company.  This includes (a)
       the Tracy Anderson methods, including the exercise routines,

10     formulas, sequences, and movements and CRM Methods, (b)
       nutritional recipes, components and materials, and (c)

11     customer lists and private information concerning customers
       provided to the Company.

12     . . .

13     The Company's willingness to train and employ you on the
       terms of your employment, and the willingness to share its

14     Confidential Information with you during the tenure of your
       employment, was expressly conditioned upon your

15     agreement to the terms of your Trainer Agreement.

16        **Roup Launches the TSS Method, Which Improperly Uses**

17            **Confidential Information**

18      34. In or about March 2017—just one month after resigning from TANY—

19 Roup founded Defendant TSS.  TSS, like Plaintiffs, offers a choreography-based

20 fitness and mat movement program.  TSS began with Roup teaching in-person

21 classes before launching its app in or around late 2019.  With the launch of the app,

22 TSS began publishing videos on its app, which also were and are available on its

23 website.  TSS is a competitor of Plaintiffs.

24      35. Today, TSS offers an online- and app-based subscription program in

25 which paying customers have access to videos of Roup and other TSS employees

26 performing choreography routines that can be performed at home.  TSS describes

27 itself as "the #1 Sculpt and Dance Cardio workout designed to empower women

28 through movement" and "an athletic approach to dance-based fitness."

36.     Like Anderson, Roup attributes her approach to her background and training in dance.  And, like Anderson named her program "The Tracy Anderson Method" or "TA Method," Roup named her program "The Sculpt Society Method" or "TSS Method."  Roup even structured the TSS Method like the TA Method.  For instance, certain of the TSS Method programs are structured on 28-day or 30-day calendars, like Anderson's 30-Day Method.  The TSS Method also offers pre- and postnatal programs, and programs that focus on certain body parts, such as the hips or glutes, just like the TA Method does.

37.     Since around late 2019 through the present, including as recently as Spring 2022, Defendants have regularly and repeatedly published videos behind a paywall on the TSS app and website.  TSS boasts that a subscription grants a customer access to over 400 of its videos.  On information and belief, Plaintiffs allege that Defendants used Confidential Information Roup learned, accessed, or was exposed to while employed at TANY to create a substantial number of TSS' 400 videos in breach of the Trainer Agreement.  The videos remain accessible to paying members on TSS' app and website as of the date of this filing.  Examples of such videos include:

- "24Min Full Body 12 w/ Chair/Stool," published in or around Spring 2021;
- "20Min Standing Legs + Butt 13 w/ Chair or Stool," published in or around early 2020;
- "10Min Quickie Dancing Arms 02, published in or around early 2020;
- "5Min Dancing Arms 07 w/ Arielle Charnas," published in or around early 2020.

38.     On information and belief, Plaintiffs allege that Defendants have also used Confidential Information for their own benefit related to business operations, customers, program structure, customer intake methods, and employees at various times, including as recently as Spring 2022.  On information and belief, Plaintiffs allege that Defendants have disclosed Confidential Information to third parties,

FIRST AMENDED COMPLAINT

including employees, affiliates, and/or customers of TSS at various times, including as recently as Spring 2022.

39.     Defendants' use of the Confidential Information has benefitted Defendants by, among other things, saving them time, resources, money, and effort in planning, teaching, and testing or recording choreography movements, sequences, and routines, and in forming and operating TSS.  By using the Confidential Information, Defendants were able to hit the ground running upon Roup's departure from TANY.  Defendants' ongoing use of the Confidential Information facilitates the continued operation, growth, and success of their business.

40.     Roup took the Confidential Information, founded TSS with it, based TSS on it, and based the TSS Method on it.  In doing so, Defendants have capitalized on years of Anderson's research, development, and investment to enrich themselves at the expense and to the detriment of Plaintiffs.  As a result of Defendants' misconduct, they have achieved a substantial number of customers (including celebrities), a significant social media following (i.e., 300,000 followers of @meganroup and 150,000 followers of @thesculptsociety on Instagram), and press coverage.  Defendants' misconduct has also diverted customers, business, and employees from Plaintiffs to Defendants.

**Defendants Mislead Consumers Regarding the Development of the TSS Method**

41.     Despite Roup's six-plus year employment at TANY, part of Anderson's companies that revolutionized choreography-based fitness, Defendants have never credited Anderson or TANY for training, teaching, or developing Roup, or for creating the choreography movements, sequences, and routines that now comprise the TSS Method.  In fact, Defendants do not reference Roup's training from or association with TANY or Anderson on the TSS website, TSS promotional materials, interviews, or appearances.

42.     To the contrary, Defendants purposefully conceal Roup's training from and association with TANY from the public so that Roup can claim that (i) she

-12-

1  developed the TSS Method over a period of multiple years; (ii) the TSS Method was

2  created through years of science-based research, development, data collection and

3  analysis, and trial and error; and (iii) the TSS Method is significantly different from

4  the TA Method.

5         43.    For instance, under the "About Megan" section of the TSS website, it

6  states that "I knew that there was something missing from the boutique fitness

7  community, so I combined my passion for dance and love for fitness to create The

8  Sculpt Society.  I spent years teaching fitness and developing The Sculpt Society

9  method before launching in 2017."  On Roup's LinkedIn page, Roup omits her

10  employment at TANY despite listing other employments during the period she

11  worked there.  Notably, the period between 2014 and 2017—when she worked at

12  TANY—is empty.  During an interview on a December 9, 2021 podcast called

13  *ILYSM*, when asked about how she started TSS, Roup stated only that she "taught

14  for six and a half years and then launched [TSS] in New York in 2017."  During an

15  interview on a March 29, 2022 podcast called *Lipstick on the Rim*, Roup stated only

16  that she "worked for a local studio" in New York City for six years before founding

17  TSS.

18         44.    Users' reviews of the TSS app on the Google Play and Apple App

19  Store platforms demonstrate consumer confusion and misattribution that

20  Defendants' conduct has caused:

21    •  "I am a fellow instructor and her movements/choreography blow me away.
22       How does she come up with such fun and creative workouts?"

23    •  "I really love the workouts that Megan has created"

24    •  "Love the workouts so much, Megan makes the sequences so fun and
25       creative"

26    •  "Megan's movements are unique and better than I could have ever thought
27       of"

28    •  "Her workouts never get old, and your body never gets bored of them

because she constantly switches it up every time adding in new movements"

- "Megan is brilliant – don't know how she does it – her reps and routines are genius"

- "What you get is a completely thought out, well planned, and perfectly executed workout Every. Single. Time."

**Defendants Infringe TAMB's Copyrights**

45.    TAMB is the owner of registered copyrights in various media, each of which expresses, relates to, or is based on the TA Method.  Specifically, TAMB owns copyright registrations in multiple DVDs (collectively referred to as the "TA Works").  These copyright registrations are included in **Attachment A**.

46.    The TA Works depict Anderson performing a compilation of choreographed movements and sequences she designed and curated.  Her performances are done in a studio and set to music she specifically selected.

47.    Since around late 2019 through the present, including as recently as Spring 2022, Defendants have regularly, repeatedly, and intentionally published videos on the TSS app and website behind a paywall that infringe TAMB's copyrights in the TA Works as listed in Attachment A.  Defendants' videos infringe TAMB's copyrights by copying the choreography movements, sequences, and routines depicted in the TA Works; organizational structure and format of the TA Works; and aesthetic elements depicted in the TA Works.

48.    Examples of Defendants' copyright infringements of the TA Works include:

- Defendants' videos titled "30Min Sculpt 07,"[1] "30Min Sculpt 08,"[2]

---

[1] Published behind a paywall online at https://app.thesculptsociety.com/30min-sculpt-2/videos/30min-sculpt-07 and on the TSS app.

[2] Published behind a paywall online at https://app.thesculptsociety.com/30min-sculpt-2/videos/30min-sculpt-08 and on the TSS app.

"30Min Sculpt 09,"[3] and "30Min Sculpt w/ Matt 22,"[4] in which Roup and or TSS employees perform choreography movements, sequences, and routines that are substantially similar to those depicted in the Day 21-30 portion of the DVD titled "Metamorphosis: Glutecentric" (Registration No. PA0001938799).

• Defendants' video titled "30Min Full Body 16 (no cardio) w/ Katy,"[5] in which Katy Schuele (a former employee of TAMB) performs choreography movements, sequences, and routines that are substantially similar to those depicted in the Day 1-10 portion of the DVD titled "Metamorphosis: Hipcentric" (Registration No. PA 1-929-100).

• Defendants' video titled "30Min Sculpt (no cardio) w/ Katy,"[6] in which Schuele performs choreography movements, sequences, and routines that are substantially similar to those depicted in the Day 1-10 portion of the DVD titled "Metamorphosis: Hipcentric" (Registration No. PA 1-929-100).

49. Because Defendants' videos are published behind a paywall on the TSS app and website, they cannot be downloaded onto a computer. As a result, Plaintiffs are unable to review and compare every one of Defendants' videos to the TA Works. Therefore, the full extent of Defendants' infringement and improper use of Confidential Information cannot be assessed until Defendants produce the videos to Plaintiffs in discovery. At the pleading stage, Plaintiffs have conducted as extensive of an analysis as they can, given the accessibility restrictions created by Defendants. On information and belief, Plaintiffs allege that Defendants have published hundreds of additional videos that include Roup or TSS employees performing choreography movements, sequences, and routines that are substantially similar to

---

[3] Published behind a paywall online at https://app.thesculptsociety.com/30min-sculpt-2/videos/new-30min-sculpt-09 and on the TSS app.

[4] Published behind a paywall online at https://app.thesculptsociety.com/30min-sculpt-2/videos/matt-new-30min-sculpt and on the TSS app.

[5] Published behind a paywall online at https://app.thesculptsociety.com/30min-full-body/videos/katy-30min-full-body and on the TSS app.

[6] *Id.*

those depicted in the TA Works, and therefore constitute copyright infringements.

## FIRST CAUSE OF ACTION

### Federal Copyright Infringement, 17 U.S.C. §§ 106, 501

### (By TAMB Against All Defendants)

50.     Plaintiffs incorporate the preceding allegations as though fully set forth herein.

51.     Defendants have infringed TAMB's copyrights in the TA Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501, by publishing videos, including those set forth in Paragraph 49 herein, that copy the TA Works as listed in Attachment A.  Specifically, Defendants' videos copy the choreography, movements, sequences, and routines from the TA Works.

52.     Defendants' acts of infringement are willful, intentional, continuous, and purposeful, in disregard of and with indifference to TAMB's rights.

53.     As a direct and proximate result of said infringement by Defendants, TAMB is entitled to damages in an amount to be proven at trial.

54.     TAMB is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 505 and otherwise according to law.

55.     TAMB is entitled to injunctive relief and redress for Defendants' willful, intentional, continuous, and purposeful use and exploitation of the TA Works for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, TAMB's rights.  Defendants' conduct is causing and, unless immediately enjoined, will continue to cause enormous and irreparable harm to TAMB.

56.     As a direct and proximate result of the foregoing acts and conduct, TAMB has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  On information and belief, TAMB alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe TAMB's rights in the TA Works.  TAMB is

1  entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing

2  infringing conduct.

3  **SECOND CAUSE OF ACTION**

4  **Violation of Lanham Act, 15 U.S.C. § 1125(a)**

5  **(By Plaintiffs Against All Defendants)**

6      57.    Plaintiffs incorporate the preceding allegations as though fully set forth

7  herein.

8      58.    Defendants willfully and intentionally made, and continue to willfully

9  and intentionally make, false and/or misleading descriptions or representations of

10  fact in commercial advertising or promotion that misrepresent the nature,

11  characteristics, and qualities of Defendants' services, including but not limited to,

12  the following statements on TSS' website:  "I knew that there was something

13  missing from the boutique fitness community, so I combined my passion for dance

14  and love for fitness to create The Sculpt Society.  I spent years teaching fitness and

15  developing The Sculpt Society method before launching in 2017."

16      59.    Defendants' statements misrepresent the nature, characteristics, and

17  qualities of Defendants' services because they imply that (i) Roup developed the

18  TSS Method over a period of multiple years, when she did not; (ii) the TSS Method

19  was created through years of science-based research, development, data collection

20  and analysis, and trial and error, when it was not; and (iii) the TSS Method is

21  significantly different from the TA Method, when it is not.

22      60.    Defendants caused their statements to enter interstate commerce by,

23  among other things, publishing them on at least the TSS website or in promotional

24  interviews, which constitute commercial advertisement or promotion.

25      61.    Defendants' statements are material because they are likely to influence

26  the purchasing decision of a choreography-based fitness consumer who is deciding

27  between competing services.  Choreography-based fitness consumers have opted to

28  purchase TSS' services over Plaintiffs', and are likely to continue to do so, based on

-17-

1  TSS' false and/or misleading descriptions or representations of fact related to the
2  development of the TSS Method.

3        62.    Plaintiffs have been directly and proximately injured as a result of
4  Defendants' statements by a diversion of sales and customers from Plaintiffs to
5  Defendants and/or by a lessening of the goodwill associated with Plaintiffs and their
6  services.

7        63.    Plaintiffs are therefore entitled to (i) treble damages sustained by
8  Plaintiffs, including those resulting from lost profits from sales and customers
9  diverted to TSS, in an amount to be determined at trial, pursuant to 15 U.S.C. §
10  1117(a); (ii) injunctive relief enjoining Defendants from continuing to advertise,
11  promote, or publish false and/or misleading descriptions or representations of fact
12  related to the development of the TSS Method; and (iii) reasonable attorneys' fees
13  pursuant to 15 U.S.C. § 1117(a).

14                        **THIRD CAUSE OF ACTION**

15                            **Breach Of Contract**

16                         **(By TANY Against Roup)**

17        64.    Plaintiffs incorporate the preceding allegations as though fully set forth
18  herein.

19        65.    TANY and Roup entered into the Trainer Agreement, which is a valid
20  contract.

21        66.    TANY performed all or substantially all of its obligations under the
22  Trainer Agreement.

23        67.    Under the Trainer Agreement, Roup was under a continuing and
24  recurring obligation to not use or disclose to third-parties the Confidential
25  Information (as defined therein) during and after the termination of her employment
26  at TANY.

27        68.    Roup breached, and continues to breach, the Trainer Agreement by
28  using and disclosing to third-parties the Confidential Information after the

termination of her employment at TANY.  On information and belief, Plaintiffs allege that Roup used the Confidential Information in connection with developing the TSS Method and with planning, recording, and publishing videos on the TSS app and website on various dates during 2019 through the present, including as recently as Spring 2022.  The videos remain accessible to paying members on TSS' app and website behind a paywall as of the date of this filing.  On information and belief, Plaintiffs allege that Roup has also used Confidential Information related to customers, operations, program structure, customer intake methods, and employees at various times, including as recently as Spring 2022.  On information and belief, Plaintiffs allege that Roup has also disclosed the Confidential Information to third parties, including employees, affiliates, and/or customers of TSS at various times, including as recently as Spring 2022.

69.    As a direct and proximate result of Roup's breach of the Trainer Agreement, TANY has suffered, and will continue to suffer, substantial monetary damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

**Violations of California Unfair Competition Law,**

**Cal. Bus. & Prof. Code § 17200 *et seq.***

**(By Plaintiffs Against All Defendants)**

70.    Plaintiffs incorporate the preceding allegations as though fully set forth herein.

71.    Defendants have engaged in unfair and/or fraudulent business acts and practices which constitute unfair competition within the meaning of Section 17200 of the California Business and Professions Code, and which have harmed Plaintiffs and the public.  Defendants' unfair and fraudulent business acts or practices include, but are not limited to: (a) taking and using the Confidential Information to form and operate TSS, a business which competes with Plaintiffs; (b) continuing to use the Confidential Information to create their videos, which compete with Plaintiffs'

services and which are available to customers who pay for memberships to TSS; and (c) making false and/or misleading descriptions or representations of fact in advertisements and promotions that misrepresent the nature, characteristics, and qualities of Defendants' services because they imply that (i) Roup developed the TSS Method over a period of multiple years, when she did not; (ii) the TSS Method was created through years of science-based research, development, data collection and analysis, and trial and error, when it was not; and (iii) the TSS Method is significantly different from the TA Method, when it is not.

72.    As a direct and proximate result of Defendants' unfair and fraudulent business acts and practices, Plaintiffs have suffered injury to their business, including irreparable harm to their goodwill and reputation.  Defendants' unfair and fraudulent business acts and practices have also caused Plaintiffs damages, including but not limited to, loss of sales and customers.  Plaintiffs have no adequate remedy at law and will suffer further injury and damage unless Defendants' wrongful conduct is enjoined.

73.    Plaintiffs therefore seek (i) an injunction pursuant to California Business & Professions Code § 17203 prohibiting Defendants from engaging in the unfair and fraudulent business acts and practices set forth herein; and (ii) restitution pursuant to California Business & Professions Code § 17203 as a result of Defendants' unfair and fraudulent business acts and practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendants as follows:

1.    For judgment in favor of Plaintiffs and against Defendants on all causes of action in the Complaint;

2.    For an Order permanently enjoining Defendants from advertising, promoting, or publishing false and/or misleading descriptions or representations of fact related to the development of the TSS Method;

3.      For an Order permanently enjoining Defendants from using or disclosing to third-parties the Confidential Information;

4.      For an Order permanently enjoining Defendants from engaging in future acts of infringement of TAMB's copyrights;

5.      For an Order awarding Plaintiffs damages, multiplied by three, in an amount to be proven at trial, but at least in excess of the jurisdictional minimum;

6.      For an Order awarding Plaintiffs restitution, in an amount to be proven at trial, but at least in excess of the jurisdictional minimum;

7.      For reasonable attorneys' fees and costs incurred herein; and

8.      For any other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated:  September 13, 2022          DLA PIPER LLP (US)


By: */s/ Tamany Vinson Bentz*
     TAMANY VINSON BENTZ
     JASON T. LUEDDEKE
     MICHAEL P. BROWN

     Attorneys for Plaintiffs
     TRACY ANDERSON MIND & BODY,
     LLC and T.A. STUDIO NEW YORK LLC

# ATTACHMENT A

**Attachment A**
**List of Tracy Anderson Mind and Body, LLC's Copyright Registrations**

| Registration No. | Effective Date | First Publication | Copyright Claimant | Title of Work | Type of Work |
|---|---|---|---|---|---|
| PA 1-929-090 | 10/31/2014 | 04/01/2008 | Tracy Anderson Mind and Body, LLC | The Tracy Anderson Method Presents Dance Cardio Workout DVD | Motion Picture (DVD) |
| PA 1-929-015 | 10/31/2014 | 04/01/2008 | Tracy Anderson Mind and Body, LLC | The Tracy Anderson Method Presents Mat Workout DVD | Motion Picture (DVD) |
| PA 1-929-092 | 10/31/2014 | 04/01/2008 | Tracy Anderson Mind and Body, LLC | The Tracy Anderson Method Presents Post-Pregnancy Workout DVD | Motion Picture (DVD) |
| PA 1-929-096 | 10/31/2014 | 04/01/2010 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Dance Cardio II | Motion Picture (DVD) |
| PA0001930682 | 10/31/2014 | 10/01/2010 | Tracy Anderson Mind and Body, LLC | Tracy Anderson: The Perfect Design Series | Motion Picture (DVD) |
| PA 1-929-100 | 10/31/2014 | 01/03/2011 | Tracy Anderson Mind and Body, LLC | Metamorphosis by Tracy – Hipcentric | Motion Picture (DVD) |
| PA0001930680 | 10/31/2014 | 01/03/2011 | Tracy Anderson Mind and Body, LLC | Metamorphosis by Tracy – Abcentric | Motion Picture (DVD) |
| PA0001930683 | 10/31/2014 | 01/03/2011 | Tracy Anderson Mind and Body, LLC | Metamorphosis by Tracy – Omnicentric | Motion Picture (DVD) |
| PA0001938799 | 10/31/2014 | 01/03/2011 | Tracy Anderson Mind and Body, LLC | Metamorphosis by Tracy – Glutecentric | Motion Picture (DVD) |
| PA 1-929-094 | 10/31/2014 | 02/01/2012 | Tracy Anderson Mind and Body, LLC | Tracy Anderson's Total Body Mini-Trampoline Workout | Motion Picture (DVD) |
| PA0001938802 | 10/31/2014 | 02/01/2013 | Tracy Anderson Mind and Body, LLC | Tracy Anderson: The Pregnancy Project | Motion Picture (DVD) |

**Attachment A**
**List of Tracy Anderson Mind and Body, LLC's Copyright Registrations**

| Registration No. | Effective Date | First Publication | Copyright Claimant | Title of Work | Type of Work |
|---|---|---|---|---|---|
| PA0001930681 | 10/31/2014 | 04/01/2013 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Teen Meta | Motion Picture (DVD) |
| PA 1-929-098 | 10/31/2014 | 05/01/2013 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Post-Pregnancy 2 Workout Series | Motion Picture (DVD) |
| PA 1-929-013 | 10/31/2014 | 08/06/2013 | Tracy Anderson Mind and Body, LLC | Tracy Anderson The Method for Beginners | Motion Picture (DVD) |
| PA 1-929-097 | 10/31/2014 | 09/03/2013 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Precision Toning | Motion Picture (DVD) |
| PA 1-929-093 | 10/31/2014 | 12/01/2013 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Dance + Cardio | Motion Picture (DVD) |
| PA 1-929-095 | 10/31/2014 | 05/01/2014 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Unleash Your Inner Popstar | Motion Picture (DVD) |
| PA 1-929-011 | 10/31/2014 | 10/01/2014 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Cardio Dance Workout | Motion Picture (DVD) |
| PA 1-929-012 | 10/31/2014 | 10/01/2014 | Tracy Anderson Mind and Body, LLC | Tracy Anderson Mat Workout for Beginners | Motion Picture (DVD) |

WEST\300005193.1