MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER CHATHAM (CA Bar #240972)
  CChatham@manatt.com
NATHANIEL L. BACH (CA Bar #246518)
  NBach@manatt.com
SARAH E. MOSES (CA Bar #291491)
  SMoses@manatt.com
ANDREA D. GONZALEZ (CA Bar #336134)
  ADGonzalez@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California  90067
Telephone:   (310) 312-4000
Facsimile:    (310) 312-4224

Attorneys for Defendants
MEGAN ROUP and THE SCULPT SOCIETY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company; and T.A. STUDIO NEW YORK LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEGAN ROUP, an individual; and THE SCULPT SOCIETY, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:22-cv-04735-RSWL-E<br><br>Hon. Ronald S.W. Lew<br><br>**DEFENDANTS MEGAN ROUP AND THE SCULPT SOCIETY, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:   July 11, 2022<br>FAC Filed:             Sept. 13, 2022<br>Trial Date:             Not yet set |

**Answer to First Amended Complaint**

Defendants Megan Roup ("Roup") and The Sculpt Society, LLC ("The Sculpt Society" or "TSS") (together, "Defendants"), by and through their attorneys, hereby submit their Answer to Plaintiffs Tracy Anderson Mind and Body, LLC ("TAMB") and T.A. Studio New York LLC ("TANY," and collectively, "Plaintiffs") First Amended Complaint ("FAC") in the above-captioned litigation (the "Action").  For the avoidance of doubt, Defendants deny any and all statements in the FAC section headings, prayer for relief, or otherwise made outside the numbered paragraphs therein.

Further, because the Court dismissed Plaintiffs' Lanham Act and California Unfair Competition Law claims without prejudice (Dkt. No. 20) and Plaintiffs have elected not to amend those claims, no response is required to the allegations pertaining to those causes of action and, to the extent any response is required, such allegations are denied.

As to the allegations in the numbered paragraphs in the FAC, Defendants hereby answer and respond as follows:

1. Defendants deny the allegations in Paragraph 1 of the FAC and further deny knowledge or information sufficient to form a belief as to their truth.

2. Defendants deny the allegations in Paragraph 2 of the FAC and further deny knowledge or information sufficient to form a belief as to their truth.

3. Paragraph 3 of the FAC contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny them, and respectfully refer the Court to the document referenced therein for its terms.  Defendant Roup only admits that she worked for TANY for a period of time.

4. Paragraph 4 of the FAC contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response,

Defendants deny them.  Defendant Roup only admits that she worked for TANY for a period of time.

5. Defendants deny the allegations in Paragraph 5 of the FAC except admit that: (i) Roup stopped working for TANY at one point in time; (ii) Roup founded TSS, a fitness company; (iii) TSS offers in-person, online, and app-based classes; and (iv) Roup has a background in dance.

6. Defendants deny the allegations in the first sentence of Paragraph 6 of the FAC, except admit that Defendants offer a number of online and app-based fitness classes to clients and have done so over a period of years.  The allegations in the second and third sentences of Paragraph 6 contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny them.

7. Defendants deny the allegations in Paragraph 7 of the FAC and respectfully refer the Court to the materials referenced therein for their contents, except admit that (i) Defendants have a number of clients and followers on social media sites; and (ii) Roup worked for TANY for a period of time.

8. Paragraph 8 of the FAC contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny them.

9. Paragraph 9 of the FAC contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny them and respectfully refer the Court to the documents referenced therein for their contents.

10. Paragraph 10 of the FAC contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny them.

11. Paragraph 11 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

12. Paragraph 12 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, except admit that The Sculpt Society conducts certain business in Los Angeles, California.

13. Paragraph 13 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the FAC.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC.

16. Admit.

17. Paragraph 17 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, except admit that The Sculpt Society conducts certain business in Los Angeles, California.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the FAC.

19. Defendants deny the allegations in Paragraph 19 of the FAC, and further deny knowledge or information sufficient to form a belief as to their truth.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the FAC.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC.

23. Defendants deny the allegations in Paragraph 23 of the FAC, and further deny knowledge or information sufficient to form a belief as to their truth.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the FAC.

25. Defendants deny the allegations in Paragraph 25 of the FAC, and further deny knowledge or information sufficient to form a belief as to their truth.

26. Defendants deny the allegations in Paragraph 26 of the FAC.

27. Defendants deny the allegations in Paragraph 27 of the FAC, and further deny knowledge or information sufficient to form a belief as to their truth, except admit that Roup worked for TANY at one point in time.

28. Defendants deny the allegations in Paragraph 28 of the FAC, and further deny knowledge or information sufficient to form a belief as to their truth. Defendants respectfully refer the Court to the document(s) referenced in Paragraph 28 for their terms.

29. Paragraph 29 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them. Defendants further deny the remainder of the allegations in Paragraph 29 and respectfully refer the Court to the documents referenced therein for their terms.

30. Paragraph 30 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, and further deny the remainder of the allegations in Paragraph 30, except admit that Roup was provided certain materials and information while working for TANY.

31. Defendants deny the allegations in Paragraph 31 of the FAC, and further deny knowledge or information sufficient to form a belief as to their truth,

except admit that Roup was provided certain materials and information while working for TANY. Defendants respectfully refer the Court to the documents referenced therein for their contents.

32. Paragraph 32 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, except admit that Roup worked for TANY for a period of time and respectfully refer the Court to the materials referenced therein for their contents.

33. Defendants deny the allegations in Paragraph 33 of the FAC, including on the basis that Defendants presently lack knowledge or information sufficient to form a belief as to their truth, and respectfully refer the Court to the document referenced therein for its contents, except admit that Roup stopped working for TANY at one point in time.

34. Defendants deny the allegations in Paragraph 34 of the FAC, except admit that: (i) Roup stopped working for TANY at one point in time; (ii) Roup founded TSS, a fitness company; and (iii) TSS offers in-person, online, and app-based classes.

35. Defendants deny the allegations in Paragraph 35 of the FAC, except admit that TSS offers online and app-based classes, and respectfully refer the Court to the document referenced therein for its contents.

36. Defendants deny the allegations in Paragraph 36 of the FAC except admit that Roup has a background and training in dance.

37. Paragraph 37 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them. Defendants further deny the remainder of the allegations in Paragraph 37 except admit that Defendants offer a number of online and app-based fitness classes to clients—including, at various times, the four classes referenced in Paragraph 37—and have done so for a period of years.

38. Paragraph 38 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, and further deny the remainder of the allegations in Paragraph 38.

39. Paragraph 39 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, and further deny the remainder of the allegations in Paragraph 39.

40. Paragraph 40 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them. Defendants further deny the remainder of the allegations in Paragraph 40, except admit that Defendants have a number of clients and followers on social media sites.

41. Defendants deny the allegations in Paragraph 41 of the FAC and respectfully refer the Court to the materials referenced therein for their contents, except admit that Roup worked for TANY for a period of time and that The Sculpt Society's website does not mention TANY or Anderson.

42. Defendants deny the allegations in Paragraph 42 of the FAC.

43. Defendants respectfully refer the Court to the materials referenced in Paragraph 43 of the FAC for their contents. To extent the allegations in Paragraph 43 require a response, Defendants deny them, except admit that Roup has made certain public statements about her life and TSS.

44. Paragraph 44 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 44 and respectfully refer the Court to the materials referenced therein for their contents.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC and respectfully refer the Court to Attachment A to the FAC for its contents.

46. Defendants deny the allegations in Paragraph 46 of the FAC and further deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 46.

47. Paragraph 47 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

48. Paragraph 48 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

49. Paragraph 49 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, and further deny the remainder of the allegations in Paragraph 49, including on the basis that Defendants lack knowledge or information sufficient to form a belief as to their truth.

50. Defendants incorporate by reference the responses above to Paragraphs 1 through 49 of the FAC, as though fully set forth herein.

51. Paragraph 51 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

52. Paragraph 52 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

53. Paragraph 53 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

54. Paragraph 54 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

55. Paragraph 55 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

56. Paragraph 56 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

57. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 57. To the extent a response is required, Defendants respond as follows: Defendants incorporate by reference the responses above to Paragraphs 1 through 56 of the FAC, as though fully set forth herein.

58. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 58. To the extent a response is required, Defendants respond as follows: Paragraph 58 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

59. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 59. To the extent a response is required, Defendants respond as follows: Paragraph 59 of the FAC

contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

60. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 60. To the extent a response is required, Defendants respond as follows: Paragraph 60 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

61. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 61. To the extent a response is required, Defendants respond as follows: Paragraph 61 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

62. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 62. To the extent a response is required, Defendants respond as follows: Paragraph 62 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

63. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of the Lanham Act, 15 U.S.C. § 1125(a) with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 63. To the extent a response is required, Defendants respond as follows: Paragraph 63 of the FAC

contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

64. Defendants incorporate by reference the responses above to Paragraphs 1 through 63 of the FAC, as though fully set forth herein.

65. Paragraph 65 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them and respectfully refer the Court to the document referenced therein for its terms.

66. Paragraph 66 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

67. Paragraph 67 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

68. Paragraph 68 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them, except admit that TSS offers online and app-based classes.

69. Paragraph 69 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

70. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 70. To the extent a response is required, Defendants respond as follows: Defendants incorporate by reference the responses above to Paragraphs 1 through 69 of the FAC, as though fully set forth herein.

//

71. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 71. To the extent a response is required, Defendants respond as follows: Paragraph 71 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

72. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 72. To the extent a response is required, Defendants respond as follows: Paragraph 72 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

73. In its December 12, 2022 Order, the Court dismissed Plaintiffs' claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, with leave to amend. Plaintiffs elected not to amend their FAC and have thus abandoned this claim. As such, no response is required to the allegations in Paragraph 73. To the extent a response is required, Defendants respond as follows: Paragraph 73 of the FAC contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny them.

The Prayer contains contentions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief including the relief sought therein.

//

## AFFIRMATIVE DEFENSES

Defendants repeat and reallege every paragraph set forth above as if they were fully set forth herein. Defendants assert affirmative defenses as to Plaintiffs' claims for copyright infringement (Claim 1) and breach of contract (Claim 3). Because Plaintiffs declined to amend the FAC as to their claims for violation of the Lanham Act (Claim 2) and violation of California's Unfair Competition Law (Claim 4), Plaintiffs have abandoned those claims and Defendants need not and do not assert affirmative defenses to them. Defendants reserve the right to assert affirmative defenses as to Claim 2 and Claim 4, should it be determined that those claims are still at issue.

By alleging defenses herein, Defendants do not intend to alter the burden of proof or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity. All defenses are pleaded in the alternative and do not constitute an admission either of liability or as to whether Plaintiffs are entitled to any relief whatsoever. Furthermore, Defendants reserve their right to supplement the below affirmative defenses, including, without limitation, as a result of new information obtained through discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole are in part because Plaintiffs' exercise routines are not original to Plaintiffs or otherwise protectable in whole or in part under the Copyright Act.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring their claims.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13    CASE NO. 2:22-CV-04735-RSWL-E
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants' exercise routines were independently created.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants did not commit any act of infringement.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because, without admitting the use of any copyrighted material allegedly owned by Plaintiffs, any alleged use was *de minimis*.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants' alleged infringement is pursuant to an implied license and/or Plaintiffs acquiesced in, waived, and/or are estopped from challenging Defendants' alleged acts.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack valid copyright registration(s) for any protectible choreography.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants did not act willfully.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because some or all of Roup's contract with TANY is unenforceable as against public policy and state law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the unclean hands doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**SIXTEETNTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**SEVETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged damages, if any, are the sole and direct result of forces, acts, and omissions independent of Defendants.

**NINTEENTH AFFIRMATIVE DEFENSE**

Without in any way admitting any of the allegations contained in the FAC, Defendants' alleged use of Plaintiffs' exercise routines did not proximately cause any of Plaintiffs' alleged damages or any of the alleged profits.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any amount of damages awarded to Plaintiffs and against Defendants should be reduced by the sums that Plaintiffs owe Defendants under the doctrines of offset and recoupment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' prayer for injunctive relief is barred because Plaintiffs have an adequate remedy at law.

//

**WHEREFORE**, Defendants pray for judgment dismissing the FAC in its entirety, awarding Defendants their costs and attorneys' fees, and for such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand their right to trial by jury of all claims in this Action triable by jury.

Dated: January 18, 2023                    MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Nathaniel L. Bach*
    Christopher Chatham
    Nathaniel L. Bach
    Sarah E. Moses
    Andrea D. Gonzalez

*Attorneys for Defendants*
MEGAN ROUP and THE SCULPT SOCIETY, LLC