UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendants' Motion to Dismiss with Prejudice and Special Motion to Strike.

    Before the Court are Defendants' Requests for the Court to Dismiss Plaintiffs' Lanham Act and unfair competition claims ("UCL claim") with Prejudice and Grant Defendants' Special Motion to Strike Plaintiff's UCL claim on anti-SLAPP grounds.[1] *See generally* Dkt. # 22 ("*Mot.*").

    The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** Defendants' Motions, **DISMISSES** Plaintiffs' Lanham Act and UCL claims **WITH PREJUDICE**, and **STRIKES** Plaintiffs' UCL claim.

---

[1] On January 19, 2023, the Court set a briefing schedule and informed the parties that it construed Defendants' "requests" as a motion for reconsideration of the Court's prior Order Denying in Part and Granting in Part Defendants' Motion to Dismiss. Importantly, due to the unique circumstances of Defendants' Requests, the Court considers these Requests according to the relevant legal standards set forth in this Order, rather than those governing a traditional motion for reconsideration. Further, the Court refers to the Defendants' "Request for the Court to Dismiss Plaintiffs' Lanham Act and UCL claims with prejudice" as a Motion to Dismiss with Prejudice and its "Request for the Court to Grants Defendants' Special Motion to Strike" as a Special Motion to Strike for clarity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

I.  Factual Background[2]

   Plaintiff Tracy Anderson ("Plaintiff Anderson") developed the Tracy Anderson Method ("TA Method")—routines combining choreography, fitness, and cardiovascular movement—after decades of research, development, testing, and investment. *See First Amended Complaint* ("*FAC*") ¶ 1, Dkt. # 12. Plaintiff Anderson is the founder and CEO of Plaintiff Tracy Anderson Mind and Body ("Plaintiff TAMB"), which offers choreography-based fitness and mat movement classes. *Id.* ¶ 2. In turn, Plaintiff TAMB is the owner of registered copyrights to various media, including DVDs created by and featuring Anderson, that express, relate to, or are based on, the TA Method. *Id.*

   In 2011, Plaintiff Tracy Anderson New York ("Plaintiff TANY"), a subsidiary under Plaintiff TAMB, which is also owned by Plaintiff Anderson, employed Defendant Megan Roup ("Defendant Roup") as a trainer. *Id.* ¶ 3. Defendant Roup was required to sign a Trainer Agreement upon employment. *Id.* The Trainer Agreement prohibits trainers from using or disclosing the company's confidential information, which includes "nonpublic business and operation information, training materials and manuals, and transcribed methods . . . including those comprising the TA Method's proprietary choreography movements." *Id.*

   During Defendant Roup's six-year employment with Plaintiff TANY, Defendant Roup learned and had access to significant confidential information, including "(i) training materials, choreography transcriptions, and custom write-ups related to the performance and teaching of the TA Method, and (ii) business information, customer lists, and operating procedures." *Id.* ¶ 4.

   Later, in or around February 2017, Defendant Roup terminated her employment with Plaintiff TANY and founded Defendant The Sculpt Society ("Defendant TSS") the next month. *Id.* ¶ 5. Defendant TSS also offers "choreography-based fitness and mat movement classes that directly compete with Plaintiffs[' classes]." *Id.* In creating and operating Defendant TSS, Defendant Roup neither references her association with Plaintiffs, nor credits Plaintiffs for training, teaching, or developing Defendant Roup. *Id.* ¶ 7. Plaintiffs thus filed the current Action seeking damages and injunctive relief for copyright infringement, breach of contract, violation of the Lanham Act, and unfair competition. *Id.* ¶ 10.

---

[2] All factual references derive from Plaintiffs' First Amended Complaint ("FAC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

II. <u>Procedural Background</u>

On July 11, 2022, Plaintiffs filed a complaint in this Court. *See generally* Dkt. # 1. On September 13, 2022, Plaintiffs amended their complaint, seeking damages and injunctive relief for Defendants' alleged breach of contract and unlawful business practices. *See generally FAC*. Plaintiffs brought four causes of action against Defendants:

<u>Count One</u>: Copyright Infringement. *See id.* ¶¶ 50–56.

<u>Count Two</u>: Violation of the Lanham Act. *Id.* ¶¶ 57–63.

<u>Count Three</u>: Breach of Contract. *Id.* ¶¶ 64–69.

<u>Court Four</u>: Violation of California Unfair Competition Law. *Id.* ¶¶ 70–73.

Defendants moved to dismiss all of Plaintiffs' claims and to strike Plaintiffs' UCL claim. *See generally* Dkt. # 15-1 ("*Initial Mot.*"). The Court dismissed Plaintiffs' Lanham Act and UCL claims with leave to amend, declined to dismiss the copyright and breach of contract claims, and deferred its ruling on the motion to strike to allow Plaintiffs to amend their complaint (the "Court's Order"). *See generally* Dkt. # 20 ("*Order*").

Defendants answered Plaintiffs' FAC and later amended their answer. *See generally* Dkt. # 25 ("*Am. Ans.*"). Around the same time, Defendants filed their Motion to Dismiss Plaintiffs' Lanham Act and UCL Claims with Prejudice and Special Motion to Strike. Plaintiffs opposed the motion, and Defendants replied. *See generally* Dkts. # 24, 26 ("*Opp.*" and "*Reply*").

III. <u>Legal Standard</u>

  A. <u>Motion to Dismiss with Prejudice Pursuant to Rule 41(b)</u>

Rule 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, then a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Ninth Circuit precedent, "when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("In this case we address whether the district court abused its discretion in dismissing Ferdik's case because he failed to obey the court's order

Case 2:22-cv-04735-PSG-E   Document 31   Filed 06/12/23   Page 4 of 10   Page ID #:295

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

requiring him to refile a second amended complaint . . . ."); *Toyota Landscape Co. v. Bldg. Material & Dump Truck Drivers Loc. 420, Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 726 F.2d 525, 528 (9th Cir. 1984) (holding it was proper for a district court judge to dismiss a claim with prejudice when a party did not amend their complaint after the judge informed them they could). Dismissal of claims with prejudice for failure to comply with a court order allowing amendment is considered a sanction. *See Yourish*, 191 F.3d at 989–90.

To dismiss a case with prejudice as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)

B.   Special Motion to Strike: Anti-SLAPP

California Code of Civil Procedure § 425.16 provides for a special motion to strike a "strategic lawsuit against public participation" ("SLAPP"). Such a motion, commonly called an "anti-SLAPP" motion, allows courts, at an early stage of the proceedings, to dismiss baseless litigation that challenges various kinds of protected speech. *See Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002); Cal. Civ. Proc. Code § 425.16(b)(1). The anti-SLAPP statute is given full effect in federal court. *See United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

In ruling on an anti-SLAPP motion to strike, the court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). "The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." *Id.* (citing Cal. Civ. Proc. Code § 425.16(b)(1)). An anti-SLAPP motion applies to causes of action

> that result from a defendant's (1) oral or written statements "made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law"; (2) any written or oral statement made in connection with an issue under consideration or review by a governmental body, or any other official

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

proceeding authorized by law; (3) any written or oral statement or writing made in a public place or in a public forum in connection with an issue of public interest; or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or of free speech in connection with a public issue or topic of public interest.

*Martin v. Inland Empire Utils. Agency*, 198 Cal. App. 4th 611, 623 (2011) (quoting Cal. Civ. Proc. Code § 425.16(e)).

"If a defendant meets this threshold showing, the cause of action shall be stricken unless the plaintiff can establish 'a probability that [it] will prevail on the claim.'" *Id.* at 622 (quoting *Simpson Strong-Tie Co., Inc. v. Gore*, 29 Cal. 4th 12, 21 (2010)). "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

"Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning *and* lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002)

IV.  Discussion

    A.  Rule 41(b) Request for Dismissal with Prejudice

Defendants move for the Court to dismiss Plaintiffs' Lanham Act and UCL claims with prejudice since Plaintiffs did not amend their claims pursuant to the Court's Order. *See generally Mot.* As discussed, dismissal with prejudice is considered a sanction under these circumstances, so the Court must assess five factors to determine whether dismissal with prejudice is warranted. The Court addresses each factor in turn.

        *i.  The Public's Interest in Expeditious Resolution of Litigation*

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Here, dismissal with prejudice serves the public interest in expeditious resolution of litigation and the court's need to manage its docket because Plaintiff's failure to amend has resulted in further motion practice, thereby prolonging this litigation. Moreover, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

Action commenced nearly a year ago and is still in the motion to dismiss stage. *See Ferdik*, 963 F.2d at 1261 (finding this factor strongly supported dismissal with prejudice where the case "dragged on for over a year and a half before it finally was dismissed."); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). Thus, this factor weighs toward dismissal with prejudice.

### ii. The Court's Need to Manage its Docket

This factor centers on whether a particular case has "consumed . . . time that could have been devoted to other cases on the [court's] docket." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Valley Eng'rs Inc. v. Elect. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) ( holding that when a party fails to comply with a court order, "factors 1 and 2 support sanctions[.]"). Here, Plaintiffs' failure to amend their FAC requires the Court to assess whether dismissal with prejudice is appropriate, and therefore to expend time and resources on a matter that could have been resolved by Plaintiffs' amendment or notice that they declined to amend. Therefore, this factor weighs toward dismissal with prejudice.

### iii. The Risk of Prejudice to Defendants

The risk of prejudice to the defendant is related to the plaintiffs' reason for defaulting in failing to amend. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."). Here, Plaintiffs do not offer a reason for failure to amend their FAC. *See generally Opp.; Declaration of Sarah Moses*, Ex. A, Dkt. # 22–1 ("Parties' e-mails") ("We write to inform you that Plaintiffs decided not to amend their complaint following the Court's ruling on Defendants' Motion to Dismiss."). Since Plaintiffs have not given a reason for failure to amend, this factor weighs in favor of dismissal with prejudice. *See Yourish*, 191 F.3d at 991–92 (finding that plaintiffs' "paltry excuse" that they failed to timely amend because they were waiting for an additional court order weighed toward dismissal with prejudice); *Toyota Landscape Co.*, 726 F.2d at 528 (holding that the district court properly dismissed a claim with prejudice when plaintiffs failed to amend without excuse).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

   *iv.*  *The Public Policy Favoring Disposition of Cases on Their Merits*

  Generally, the public policy favoring resolution of the merits weighs against dismissing an action with prejudice. *Hernandez*, 183 F.3d at 399. Nonetheless, "this factor 'lends little support' to a party, [such as Plaintiff,] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Prods. Liab. Litig.*, 460 F.3d at 1228 (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)); *see also Moralez v. City of Fresno*, No. CV F 06-0224 AWI SMS, 2006 WL 2085036, *2 (E.D. Cal. 2006) ("Public policy favoring disposition of cases on their merits also has little or no weight in actions where plaintiffs lack enough of an interest to file an amended complaint."). Accordingly, since Plaintiffs failed to amend their FAC, this factor does not strongly weigh for or against dismissal with prejudice.

   *v.*  *The Availability of Less Drastic Alternatives*

  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. *See Malone*, 833 F.2d at 132 n.1. Oftentimes, a court's order to show cause warning the plaintiff that failure to amend will result in dismissal with prejudice satisfies this factor. *See, e.g.*, *C.A.M. v. Saul*, No. EDCV 18-01725-AS, 2020 WL 2319876, at *4 (C.D. Cal. May 11, 2020); *Crayon v. Trejos*, No. CV 20-0192 JFW (AS), 2023 WL 3235819 (C.D. Cal. Feb. 22, 2023), *report and recommendation adopted*, No. CV 20-0192-JFW (AS), 2023 WL 3231606, at *4 (C.D. Cal. May 2, 2023). Here, the Court declined to issue an order to show cause explicitly warning Plaintiffs that failure to amend could result in dismissal of their claims with prejudice. Indeed, the Court determined that Defendants' Motion to Dismiss Plaintiffs' Claims with Prejudice placed Plaintiffs on notice that dismissal with prejudice was a possible result of their failure to amend their complaint. Nonetheless, such notice doesn't amount to an explicit warning from the Court, and therefore this factor weighs against dismissal with prejudice.

  Regardless, the Ninth Circuit holds that dismissal with prejudice is appropriate where either four factors weigh toward dismissal, or three factors strongly weigh toward dismissal. *See Ferdik*, 963 F.2d at 1263; *Yourish*, 191 F.3d at 990. Here, three factors strongly weigh toward dismissal, and thus the Court grants Defendants' Motion to Dismiss Plaintiffs' Lanham Act and UCL claims with Prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

B. Special Motion to Strike: Anti-SLAPP

   *i. It is Proper for the Court to Consider Defendants' Special Motion to Strike*

  Plaintiffs contend that their failure to amend their UCL claim eliminates the opportunity for any anti-SLAPP remedies. *See Opp.* 3:26–4:19. To support this argument, Plaintiffs cite the Court's Order and its reliance on *Verizon Delaware, Inc. v. Covad Communications Co.*, where the Ninth Circuit stated that "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." 377 F.3d 1081, 1091 (9th Cir. 2004). Plaintiffs also cite *Brown v. Electronic Arts, Inc.*, where the court interpreted *Verizon* to represent that should a plaintiff "refuse to re-assert the state law claims in its amended complaint as a result of the bringing of the initial special motion to strike, then the purposes of the state statute would still be served, thereby obviating the need to award fees otherwise available in the anti-SLAPP statute." 722 F. Supp. 2d 1148, 1156–57 (C.D. Cal. 2010).

  While there is no Ninth Circuit precedent directly on point, Plaintiffs rely on distinguishable cases that do not adequately support their arguments. In *Verizon* and *Brown*, the courts assert that the purpose of anti-SLAPP statutes are served where the plaintiffs *amended* their complaints to exclude the state law claims relevant to the motion to strike. And here, Plaintiffs did not amend their FAC to exclude their UCL claim or provide the Court notice that they declined to amend. Rather, Plaintiffs let the Court's dismissal of the UCL claim without prejudice serve as the basis for their contention that Defendants cannot prevail on their Special Motion to Strike.

  Moreover, as discussed in the Court's Order, courts have repeatedly held that dismissal of a claim does not moot an anti-SLAPP motion. *See White v. Lieberman*, 103 Cal. App. 4th 210, 220 (2002) (holding that the trial court erred as a matter of law when it denied the defendant's anti–SLAPP motion to strike as moot because it granted the defendant's demurrer on the same claim); *Thornbrough v. West Placer Unified Sch. Dist.,* No. 2:09–cv–02613–GEB–GGH, 2010 WL 2179917, at *11 (E.D. Cal. May 27, 2010) ("Since a defendant who prevails on an anti–SLAPP motion is entitled to recover mandatory attorney's fees, the dismissal of Plaintiff's claims against [defendant] does not moot [defendant's] anti–SLAPP motion."). Accordingly, since Plaintiffs did not amend their FAC to exclude their UCL claim and dismissing that claim did not moot the Special Motion to Strike, the Court proceeds to assess Defendants' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

*ii.    The Court Grants Defendants' Special Motion to Strike*

Much of the Court's analysis in its prior Order remains the same. As described, a court considering whether claims are barred by the "anti-SLAPP statute must engage in a two-part inquiry." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). "First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's right of petition or free speech.'" *Id.* (quoting *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)). Under the anti-SLAPP statute, free speech includes "'any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest,' and 'any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.'" *Id.* (quoting Cal. Civ. Proc. Code § 425.16).

Generally, if a defendant makes an initial prima facie showing, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id.* But "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim," as here, a court considers instead "whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc.*, 890 F.3d at 834.

As to the first part of the anti-SLAPP inquiry, the Court finds that Defendants have sufficiently made a prima facie showing that the activities at issue are protected conduct. Defendants pled that the challenged written statements are publicly available on a website, and that they regard an issue of public interest due to Defendant Roup's public persona. *Initial Mot.* 23:1-24:21.

The California appellate courts have developed multiple tests to determine whether a defendant's activity is in connection with a public issue. *Hilton v. Hallmark Cards*, 599 F.3d 894, 906 (9th Cir. 2010). Relevant here is the *Rivero* test, where the Court of Appeal for the First District of California surveyed the appellate cases and established three categories of public issues: (1) statements "concern[ing] a person or entity in the public eye"; (2) "conduct that could directly affect a large number of people beyond the direct participants"; (3) "or a topic of widespread, public interest." *Rivero v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 130 Cal. Rptr. 2d 81, 89–90 (2003).

Here, Defendants adequately pled that Defendant Roup is person or entity in the public eye by stating that she is a "celebrity fitness trainer and influencer" with a substantial number of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG-E | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body. LLC et al. v. Megan Roup et al. | | |

customers and a significant social media following. *Initial Mot.* 23:21–24:5. Further, Defendants contend that Defendant Roup's statements are biographical, and therefore have shown that the statements concern a person or entity in the public eye. *Id.* 24:6–10.

As to the second part of the analysis, Defendants argue that "Plaintiffs cannot carry their burden to show a likelihood of prevailing on the portion of their UCL claim" based on Defendant Roup's biographical statements. *Id.* 24:12–16. And the Court has already established that Plaintiffs have not pled a plausible UCL claim because they do not claim they actually relied upon Defendant's alleged misrepresentations. *See Order* 20:28–22:22. Accordingly, Plaintiffs' UCL claim fails and the Court therefore grants Defendants' Special Motion to Strike.

V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motions, **DISMISSES** Plaintiffs' Lanham Act and UCL claims **WITH PREJUDICE**, and **STRIKES** Plaintiffs' UCL claim.

**IT IS SO ORDERED.**