UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Damon Berry | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendants' motion for attorneys' fees and costs as adjusted.

Before the Court is Defendants' motion for attorneys' fees and costs. *See generally* Dkt. # 37-1 ("*Mot.*"). Plaintiffs opposed, *see* Dkt. # 42 ("*Opp.*"), and Defendants replied, *see* Dkt. # 43 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7 15. Having considered the moving and opposing papers, the Court **GRANTS** Defendants' motion for attorneys' fees and costs as adjusted and awards Defendants $163,953.21.

I.   Background

Plaintiff Tracy Anderson ("Plaintiff Anderson") developed the Tracy Anderson Method ("TA Method") workout routines combining choreography, fitness, and cardiovascular movement after decades of research, development, testing, and investment. *See First Amended Complaint* ("*FAC*") ¶ 1, Dkt. # 12. Plaintiff Anderson is the founder and CEO of Plaintiff Tracy Anderson Mind and Body ("Plaintiff TAMB"), which consists of fitness studios that offer choreography-based fitness and mat movement classes. *Id.* ¶ 2. Plaintiff TAMB is the owner of registered copyrights to various media, including DVDs created by and featuring Plaintiff Anderson that express, relate to, or are based on the TA Method. *Id.*

In 2011, Plaintiff Tracy Anderson New York ("Plaintiff TANY"), which is also owned by Plaintiff Anderson and is a subsidiary of Plaintiff TAMB, employed Defendant Megan Roup ("Defendant Roup") as a trainer. *Id.* ¶ 3.

Later, in or around February 2017, Defendant Roup terminated her employment with Plaintiff TANY and founded Defendant The Sculpt Society ("Defendant TSS") the next month.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

*Id.* ¶ 5. Defendant TSS also offers "choreography-based fitness and mat movement classes that directly compete with Plaintiff['s classes]." *Id.* In creating and operating Defendant TSS, Defendant Roup neither references her association with Plaintiffs, nor credits Plaintiffs for training and teaching Defendant Roup. *Id.* ¶ 7.

On July 11, 2022, Plaintiffs filed this action seeking damages and injunctive relief for copyright infringement, breach of contract, violation of the Lanham Act, and unfair competition. *Id.* ¶ 10; s*ee generally* Dkt. # 1. On September 13, 2022, Plaintiffs amended their complaint, seeking damages and injunctive relief for Defendants' alleged breach of contract and unlawful business practices. *See generally FAC*. Plaintiffs brought four causes of action against Defendants:

    Count One: Copyright infringement. *See id.* ¶¶ 50–56.

    Count Two: Violation of the Lanham Act. *Id.* ¶¶ 57–63.

    Count Three: Breach of contract. *Id.* ¶¶ 64–69.

    Court Four: Violation of California Unfair Competition Law ("UCL"). *Id.* ¶¶ 70–73.

Defendants moved to dismiss all of Plaintiffs' claims and to strike Plaintiffs' UCL claim. *See generally* Dkt. # 15-1 ("*Initial Mot.*"). The Court dismissed Plaintiffs' Lanham Act and UCL claims with leave to amend, declined to dismiss the copyright and breach of contract claims, and deferred its ruling on the motion to strike to allow Plaintiffs to amend their complaint. *See generally* Dkt. # 20 ("*Order*").

Defendants answered Plaintiffs' FAC and later amended their answer. *See generally* Dkt. # 25 ("*Am. Ans.*"); Dkt # 21 ("*Ans.*"). Around the same time, Defendants filed their motion to dismiss Plaintiffs' Lanham Act and UCL claims with prejudice and requested a ruling on their special motion to strike. *See* Dkt. # 22.

The Court granted Defendants' motion, including their special motion to strike Plaintiffs' UCL claim on anti-SLAPP grounds. *See* Dkt. # 31. The Court established that Defendant Roup's statements are protected conduct, and that Plaintiffs did not state a plausible UCL claim in violation of California's anti-SLAPP statute. *See generally id.* Now, Defendants move for attorneys' fees and costs. *See Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

II.     <u>Legal Standard</u>

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). "[I]t is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008). The fee provision of the anti-SLAPP statute is applied in federal court. *Metabolife Intern., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). Thus, California law governs attorneys' fees based on California's anti-SLAPP statute. *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014).

Absent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to obtaining the fee award. *See Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001). "Section 425.16(c) does not expressly limit a fee award to 'reasonable' fees, but California courts have construed it to contain a reasonableness requirement." *Open Source Sec., Inc. v. Perens*, No. CV 17-04002 LB, 2018 WL 2762637, at *2 (N.D. Cal. June 9, 2018); *Lunada Biomed. v. Nunez*, 230 Cal. App. 4th 459, 488 (2014) ("[E]ach fee application under section 425.16, subdivision (c) must be assessed on its own merits . . . taking into account what is reasonable under the circumstances.") (cleaned up).

The customary method of determining reasonable attorneys' fees, including fee awards on anti-SLAPP motions to strike, is known as the "lodestar" method. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *Ketchum*, 24 Cal.4th at 1131 34. The "lodestar" method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *See Morales*, 96 F.3d at 363. The resulting "lodestar" figure is presumptively reasonable. *See id.* at 363 n.8.

III.     <u>Discussion</u>

Defendants are entitled to recover attorneys' fees incurred in bringing their special motion to strike and their motion for attorneys' fees and costs. *See Ketchum,* 24 Cal.4th at 1133; *Metabolife Int'l, Inc.,* 213 F. Supp. 2d at 1223. Defendants' proposed lodestar figure is $239,056.49. *Mot.* 6:27 28; *Decl. of Nathanial Bach*, Dkt # 37-2 ("*Bach Decl.*"), ¶¶ 27 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

The Court breaks down Defendants' proposed fees and costs in greater detail in the following table:[1]

| Name | Title | Experience | 2022 Hours | 2022 Rate | 2023 Hours | 2023 Rate | Total Fee |
|---|---|---|---|---|---|---|---|
| Mr. Nathaniel Bach | Partner | 15 years | 50.1 | $950 | 47.1 | $1,065 | $97,756.50 |
| Mr. Christopher Chatham | Partner | 10 years | 9.5 | $900 | 5.7 | $1,010 | $14,307.00 |
| Ms. Sarah Moses | Counsel | 15 years | 53.5 | $855 | 22.9 | $1,000 | $68,642.50 |
| Mr. Alejandro Castro | Associate | 5-6 years | 17.2 | $760 | -- | -- | $13,072.00 |
| Ms. Andrea Gonzalez | Associate | 2-3 years | 5.1 | $620 | 62.6 | $655 | $44,165.00 |
| Ms. Barbara Gasik | Practice Support Supervisor | 20+ years | 1.0 | $395 | 1.1 | $455 | $895.50 |
| Costs | -- | -- | -- | -- | -- | -- | $207.49 |
| **Totals** | -- | -- | **136.4** | -- | **139.4** | -- | **$239,045.99** |

---

[1] The Court prepared this table based on Mr. Nathaniel Bach's declaration summarizing the hours billed and fees/costs incurred in moving to strike Plaintiffs' UCL claim. *See generally Bach Decl.*. There were several errors in the proffered billing records. For example, Defendants provide that the fees charged for Ms. Moses's 2022 hours is $45,657 but applying Ms. Moses's 2022 billing rate of $855/hour results in a fee of $45,742.50. Similarly, Mr. Chatham's 2023 billing entries provide for a fee of $5,853, but if his $1,010/hour billing rate is applied the fee should be $5,757. The Court has therefore adjusted the total hours and requested fees to account for these errors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

Based on these figures, the Court addresses in turn (a) whether these rates are reasonable, (b) whether these hours are reasonable, and (c) what, if any, final adjustments need to be made.

    A.    <u>Reasonable Rate</u>

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Hum. Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Here, Defendants seek the following hourly rates: $950 for Mr. Bach in 2022, which increased to $1,065 in 2023; $900 for Mr. Chatham in 2022, which increased to $1,010 in 2023; $855 for Ms. Moses in 2022, which increased to $1,000 in 2023; $760 for Mr. Castro; $620 for Ms. Gonzalez in 2022, which increased to $655 in 2023; and $395 for Practice Support Specialist Ms. Gasik in 2022, which increased to $455 in 2023. *Bach Decl.* ¶¶ 13 14. These rates are supported by Mr. Bach's declaration, which details each individual's experience. *See Bach Decl.* ¶ 10. Defendants also cite various cases from this District and the billing rates of "similar firms for litigation in Los Angeles" to support their requested rates. *See Mot.* 13:20 14:25. However, the Court prefers to rely on the Real Rate Report as "a much better reflection of true market rates than self-reported rates in all practice areas." *See Rolex Watch USA Inc. v. Zeotec Diamonds Inc.*, No. CV 02-1089 PSG (VBKx), 2021 WL 4786889, at *3 (C.D. Cal. Aug. 24, 2021) (quoting *Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF (JCG), 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014)); *Gilliam v. Levine*, No. CV 18-2580 PSG (MRWx), 2022 WL 401462, at *5 (C.D. Cal. Jan. 25, 2022).

The Real Rate Report does not specifically classify anti-SLAPP or unfair competition claim litigation as belonging to a certain practice area. *See 2022 Real Rate Report, The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* at 232 34. But the Report does classify breach of contract litigation as "commercial" litigation. *Id.* Based on the listed practice area definitions, the Court determines that this litigation should be classified as "commercial" litigation since this dispute centers on business competition and contractual relations. *See id.* In Los Angeles, the median hourly rate for commercial litigation attorneys is $849 for partners and $686 for associates, while the fee rates in the upper quartile of attorneys

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

are $1,071 for partners and $876 for associates. *Id.* at 91. Accordingly, Defendants' requested maximum hourly rates of $1,065 for partners and $760 for associates fall between the median and upper quartile rates in the community for comparable services. Having considered Defendants' attorneys' experience and the prevailing rates in the community for comparable work, the Court approves as reasonable Defendants' attorneys' rates.

The Court declines to accept the Defendants' rate for Ms. Gasik's work. Time spent on clerical or secretarial tasks is excluded in lodestar analyses, because it is considered part of the firm's overhead. *Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-06750 MMM (DTBx), 2010 WL 9499073, at *8 (C.D. Cal. Oct. 5, 2010). While Ms. Gasik's title is a "Practice Support Specialist," Ms. Gasik's work in this litigation consisted solely of e-filing moving papers. *See generally Bach Decl.* ¶ 26. This is not substantive case-related work that is recoverable, but is unrecoverable clerical work. Accordingly, the Court declines to award any fees based on Ms. Gasik's work. *See Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *16 (C.D. Cal. Apr. 29, 2014) (declining to award fees for work done by administrative assistant absent a showing that such work was substantive and case-related). The Court adjusts Ms. Gasik's 2022 and 2023 rates to $0.

  B.  <u>Reasonable Hours</u>

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). "The district court . . . should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (cleaned up). Hours not reasonably expended are those that are "excessive, redundant, or otherwise unnecessary." *Id.* A district court may reduce hours by either conducting an hour-by-hour analysis or by making an across-the-board percentage cut. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1108.

Here, Defendants seek attorneys' fees for 275.8 hours of work. *See Bach Decl.* ¶ 27. The Defendants group their hours into four categories: (1) "Researching and drafting the Anti-SLAPP and Dismissal Motion and supporting documents"; (2) "[r]eviewing and responding to Plaintiff's Opposition brief"; (3) "[r]eviewing and analyzing Court's Order on Motion to Dismiss & Anti-SLAPP Motion, and researching and drafting the Request for Ruling"; and (4) "[r]esearching and drafting the Attorneys' Fees Motion and supporting documents." *Id.* ¶¶ 21, 26. The Court makes several adjustments to the requested hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

       *i.*    *Hours for Briefing the Motion to Dismiss and Strike and Request for Ruling*

      Defendants moved to dismiss at the same time they moved to strike, *see generally* Dkt. # 15, and later moved to dismiss with prejudice when requesting a ruling on their motion to strike, *see generally* Dkt. # 24.  Consequently, Defendants have annotated which time entries "refer to work related to both the dismiss and anti-SLAPP motion or that include tasks that Defendants are not seeking fees on." *Bach Decl.* 11 n.1.  Defendants contend that such entries have been reduced by 50 percent to reflect the work done solely on the anti-SLAPP motion. *Id.* ¶ 25.  To support this percentage of reduction, Mr. Bach states that the motion to dismiss and strike was "comprised of five parts" — an argument for dismissal of each of the four claims plus the anti-SLAPP portion. *Bach Decl.* ¶ 25.  Defendants seek fees for parts of the motion that concerned the Lanham Act and the UCL claims, in addition to the anti-SLAPP argument, because "the factual bases for those claims are inextricably intertwined and the analyses for those claims formed the basis for Defendants' arguments" in portions of the anti-SLAPP analysis. *Id.* ¶ 22.  Mr. Bach argues, therefore, that their fees request is "conservative" because they are "rounding down" to 50 percent of the time billed for the motion, "rather than 60% (or 3/5) of that time." *Id.* ¶ 25.

      While it is possible that some of the work for the motion to dismiss may be compensable, the Court must have "substantial evidence" to support the fee award. *Kearney*, 553 F. Supp. 2d at 1185.  On a motion to dismiss and strike, only "[w]ork that is inextricably intertwined with an anti-SLAPP motion is compensable." *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. CV 17-02824 JST, 2019 WL 8377690, at *4 (N.D. Cal. Sept. 24, 2019).  Here, the time entries often fail to distinguish whether the time was actually spent on anti-SLAPP-related issues, and instead generally state that time was spent on the motion to dismiss.  *See Kearney*, 553 F. Supp. 2d at 1186 (holding that "fees will not be allowed" for entries like "Prepare motion to dismiss" because the court could not discern if any time was spent on anti-SLAPP-related issues).  Other times, descriptions of work on anti-SLAPP issues are intermixed with descriptions of work unrelated to the anti-SLAPP argument, and it is unclear how the time should be divided.

      Further, in the Defendants' motion to dismiss and strike, Defendants' arguments to dismiss Plaintiffs' claims span seven pages while their anti-SLAPP portion spans two pages.  *See* Dkt. # 15-2.  Similarly, Defendants' reply expends fifteen pages arguing for dismissal, and less than two pages on their anti-SLAPP argument.  *See* Dkt. # 18.  Later, Defendants requested the Court dismiss Plaintiffs' Lanham Act and UCL claims with prejudice and rule on their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

motion to strike. *See* Dkt. # 22. Once again, the majority of the arguments in the three-page filing addressed dismissal with prejudice, while only a paragraph discussed the anti-SLAPP motion. *See id.* Accordingly, the Court does not find that there is "substantial evidence" that a blanket 50 percent reduction appropriately reduces the fees to represent the hours spent on the anti-SLAPP litigation.

Where a fee request encompasses claims that are recoverable and nonrecoverable, it is often difficult to apportion the hours on a claim-by-claim basis, particularly where the claims "involve a 'common core of facts' or are based on 'related legal theories.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th Cir. 2002). However, the Ninth Circuit has "cautioned . . . that the impossibility of making *an exact* apportionment . . . does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment." *Id.* (cleaned up); *see also Dow Chem. Canada Inc. v. HRD Corp.*, No. CA 05-023 RGA, 2013 WL 3942052, at *1 (D. Del. July 29, 2013) ("Where it is not reasonably possible to parse between which fees are recoverable fees from which are not, it is appropriate to award a reasoned fractioned of the total fees incurred.").

While the Court acknowledges that the amount of writing produced is not necessarily indicative of the time spent researching and drafting, the failure to specifically itemize tasks attributed to the motion to strike, particularly when counsel is aware that fees are recoverable for such motions, constitutes block billing that is properly subject to reduction. *See, e.g.*, *Havens v. Leong P'ship*, 586 B.R. 760, 768 (N.D. Cal. 2018), *aff'd*, 788 F. App'x 526 (9th Cir. 2019) (noting that "[r]eduction of fees between 10 30% for block billing have been approved" and approving a 20 percent reduction); *Okada v. Whitehead*, No. CV 15-01449 JLS (KES), 2017 WL 2626990, at *2 (C.D. Cal. June 12, 2017) (reducing fees by 20 percent because the block billed entries "make[] it difficult for the Court . . . to separate billable activities from those that are not billable"); *SAS v. Sawabeh Info. Servs. Co.*, No. CV 11-04147 MMM (MANx), 2015 WL 12763541, at *33 (C.D. Cal. June 22, 2015) ("The court will . . . reduce the lodestar by 20% to account for . . . block billing."). Therefore, the Court reduces by 20 percent entries in the three identified categories relating to the motion to dismiss and strike and request for ruling[2] where the time entries do not clearly identify that all the work performed benefitted the anti-SLAPP motion. Defendants also provide reduced entries where the listed tasks refer to only the motion

---

[2] The three categories Defendants describe are: (1) "Researching and drafting the Anti-SLAPP and Dismissal Motion and supporting documents"; (2) "[r]eviewing and responding to Plaintiff's Opposition brief"; (3) "[r]eviewing and analyzing Court's Order on Motion to Dismiss & Anti-SLAPP Motion, and researching and drafting the Request for Ruling." *See Bach Decl.* ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

to dismiss or tasks pertaining to the motion to dismiss. *See Bach Decl.* ¶ 26. The Court declines to award fees for some of these entries[3] and has adjusted the fees as needed.

              *i.*      *Hours on the Motion Requesting Attorneys' Fees*

A "fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Ketchum*, 24 Cal.4th at 1137. In *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. CV 18-347 CAB (MDD), 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020), the court reduced the fees incurred on a fee motion because there was no urgency to the fee motion, the motion was immaterial to the defendant's ability to defend itself in the case, and the court had already determined the defendant was entitled to fees so "the motion itself required little more than an accounting for the fees and costs."

Out of the $238,838.50[4] in fees that Defendants are requesting, here, $90,422 are from drafting the motion for attorneys' fees. *See generally Bach Decl.* ¶ 26. After making the above changes to the fees for the motion to dismiss and strike and the request for ruling, the adjusted lodestar is $209,027.69.[5]

---

[3] There are several entries where it is apparent from the surrounding entries that the entries referring to the motion to dismiss include work performed for the motion to strike. *See generally Bach Decl.* ¶ 26. For example, some entries throughout mid to late August 2022 refer solely to the motion to dismiss, yet surrounding entries by other timekeepers refer to a motion to dismiss and strike, indicating that the motion to strike was drafted simultaneously with the motion to dismiss. *Id.* The Court therefore exercises its discretion in reducing some of these entries, rather than declining to award fees for them. *See Metabolife Intern., Inc.*, 213 F. Supp. 2d at 1222 ("The Court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant.").

[4] This number has been corrected from $238,849.00 to account for erroneous calculations described above in note 1. *See generally Bach Decl.* ¶ 26.

[5] Defendants' requested attorneys' fees relating to the motion to dismiss and strike and the request for ruling are adjusted as follows: (1) Mr. Bach's 2022 hours are reduced by 9.34, and his 2023 hours are reduced by .26; (2) Mr. Chatham's 2022 hours are reduced by 1.82, and his 2023 hours are reduced by .34; (3) Ms. Moses's 2022 hours are reduced by 16.88, and her 2023 hours are reduced by .72; (4) Mr. Castro's 2022 hours are reduced by 3.18 hours; (5) Ms Gonzalez's 2022 hours are reduced by .66, and her 2023 hours are reduced by .02; and (6) Ms. Gasik's 2022 and 2023 hours are entirely eliminated. Accordingly, the adjusted lodestar is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

    If left unadjusted, the fees resulting from the instant fees motion would be nearly half of the award. Further, Defendants are claiming that they have spent 109.1 hours on this motion, while they spent 94.6 hours on drafting the motion to dismiss and strike, 38.8 hours responding the Plaintiffs' opposition, and 33.3 hours preparing and drafting their request for ruling. *See generally Bach Decl.* ¶ 26.

    The Court finds it unreasonable that nearly half the fees and hours to be collected on should be for preparing this motion, especially since there was no urgency,[6] no concern for Defendants' ability to defend themselves, and Defendants are entitled to a fee award pursuant to California's anti-SLAPP laws. *See* Cal. Civ. Proc. Code § 425.16(c)(1); *see also Dahn World Co. v. Chung*, No. CV 05-3477 PCT (JAT), 2006 WL 3313951, at *6 (D. Ariz. Nov. 13, 2006) (finding "unreasonable the fact that more time was spent on the motion [for attorneys' fees] than on all other matters" "especially considering that the issue does not involve overly complex principles of law"). This motion should have amounted to a mere accounting exercise that does not make up such a significant portion of the final fees award.

    The most extreme expenditures were by Mr. Bach who spent 30.9 hours preparing this motion (compared to the 34.4 hours he spent preparing the motion to dismiss and strike) and is the most expensive lawyer on the case and Ms. Gonzalez, who spent 59.1 hours on this motion. While Ms. Gonzalez is an associate and who properly spent the most time on the motion, the Court still finds the hours to be exorbitant. *See Bryant v. Cigna Healthcare of Cal., Inc.*, No. CV 10-9560 RGK (RZx), 2014 WL 13020700, at *4 (C.D. Cal. Jan. 30, 2014), (finding that "it was unreasonable to devote 76.2 hours to a Motion for Attorney's Fees" and "that it would only have been reasonable for experienced attorneys to devote 25 hours total to this Motion for Attorney's Fees").

    The Court finds it reasonable to reduce the amount of time recoverable for preparing the briefing for the motion for attorneys' fees by 50 percent. *See Open Source*, 2018 WL 2762637 at *7 (reducing the hours requested by O'Melveny & Myers in an anti-SLAPP case related to the motion for attorneys' fees from 242 to 109, or by 55 percent). Thus, the total hours of work that

---

$209,027.69, before addressing fees related to the motion for attorneys' fees.

[6] The Court willingly granted two joint stipulations to extend time to file a motion for attorneys' fees. *See* Dkts. # 32 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

Defendants will be able to recover in regard to the instant motion is 54.25, with each attorney's hours divided in half.[7]

      C.     Final Adjustments

     Defendants' requested attorneys' fees are adjusted as follows: (1) Mr. Bach's 2022 hours are reduced by 9.34, and his 2023 hours are reduced by 15.71; (2) Mr. Chatham's 2022 hours are reduced by 1.82, and his 2023 hours are reduced by 1.84; (3) Ms. Moses's 2022 hours are reduced by 16.88, and her 2023 hours are reduced by 8.47; (4) Mr. Castro's 2022 hours are reduced by 3.18 hours; (5) Ms Gonzalez's 2022 hours are reduced by .66, and her 2023 hours are reduced by 29.57; and (6) Ms. Gasik's 2022 and 2023 hours are deducted entirely. Accordingly, the adjusted lodestar is $163,953.21, as detailed in the table below:

| Name | 2022 Hours | 2022 Rate | 2023 Hours | 2023 Rate | Total Fee |
|---|---|---|---|---|---|
| Mr. Nathaniel Bach | 40.76 | $950 | 31.39 | $1,065 | $72,152.35 |
| Mr. Christopher Chatham | 7.68 | $900 | 3.86 | $1,010 | $10,810.60 |
| Ms. Sarah Moses | 36.62 | $855 | 14.43 | $1,000 | $45,740.10 |
| Mr. Alejandro Castro | 14.02 | $760 | -- | -- | $10,655.20 |
| Ms. Andrea Gonzalez | 4.44 | $620 | 33.03 | $655 | $24,387.47 |
| Ms. Barbara Gasik | 0 | $0 | 0 | $0 | $0.00 |
| Costs | -- | -- | -- | -- | $207.49 |
| **Totals** | **104.52** | -- | **138.06** | -- | **$163,953.21** |

---

[7] This number excludes the hours charged for Ms. Gasik's work, since her works consisted entirely of e-filing the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

        D.        <u>Plaintiffs' Request to Stay Fees Award</u>

Because the issues of breach of contract and copyright infringement remain live, Plaintiffs have requested that the Court stay a fee award as the award would not be immediately appealable. *Opp.* 15:5 25. "The Court has the discretion to stay an award of attorneys' fees." *Hallock v. Healey*, No. CV 20-02726 CJC (MAAx), 2021 WL 50000680, at *1 (C.D. Cal. Apr. 1, 2021). When determining whether to stay an award of attorneys' fees and costs pending appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. CV 08-02658 WHO, 2019 WL 6525752, at *2 (N.D. Cal. Dec. 4, 2019) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see League for Coastal Protection v. Kempthorne*, No. C 05-0991-CW, 2007 WL 1982778, at *2 (N.D. Cal. July 2, 2007) (considering the above factors in determining whether "a discretionary stay may be warranted"); *see also Resolute Forest Prod.*, 2020 WL 8877819 at *3 (using the above factors to deny a "motion to stay implementation of anti-SLAPP attorney's fees").

Here, Plaintiffs summarily state that it would be neither just nor efficient to have Plaintiffs pay Defendants an award, yet Plaintiffs provide no supporting reasons. *See Opp.* 5:19 25; *see also Nken v. Holder*, 556 U.S. 418, 433 34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."). Plaintiffs have made no attempt to argue that any of the above factors have been met. Plaintiffs do not claim that they will suffer irreparable harm or that they would likely succeed upon an appeal. *See Opp.* 15:5 25; *see also Resolute Forest Prod.*, 2020 WL 8877819 at *3 (denying request to stay in part because the plaintiff "has neither initiated an appeal nor informed the Court of the arguments that such an appeal would entail"). Without providing any support other than the bare assertion that the legal standard has been met, the Court cannot grant Plaintiffs' stay request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04735 PSG (Ex) | Date | September 11, 2023 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC et al. v. Megan Roup et al | | |

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for attorneys' fees and costs as adjusted above and awards Defendants **$163, 953.21** in attorneys' fees and costs. The Court declines to stay its fee award and orders Plaintiffs to pay Defendants' attorneys' fees and costs within **30 days** of the entry of this order.

**IT IS SO ORDERED.**