MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER CHATHAM (CA Bar #240972)
  CChatham@manatt.com
NATHANIEL L. BACH (CA Bar #246518)
  NBach@manatt.com
SARAH E. MOSES (CA Bar #291491)
  SMoses@manatt.com
ANDREA D. GONZALEZ (CA Bar #336134)
  ADGonzalez@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California  90067
Telephone:  (310) 312-4000
Facsimile:   (310) 312-4224

Attorneys for Defendants
MEGAN ROUP and THE SCULPT SOCIETY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company; and T.A. STUDIO NEW YORK LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEGAN ROUP, an individual; and THE SCULPT SOCIETY, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:22-cv-04735-PSG-E<br><br>Hon. Philip S. Gutierrez<br><br>**REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS**<br><br>Hearing Date:   _March 22, 2024<br>Hearing Time:   1:30 p.m.<br>Courtroom:      6A<br><br>Complaint Filed:  July 11, 2022<br>FAC Filed:        Sept. 13, 2022<br>Trial Date:       Nov. 14, 2024 |

CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................. 1
II. ARGUMENT ........................................................................................................ 2
    A. Roup Was Diligent in Seeking to File Her Counterclaims, Satisfying the Good Cause Standard Under Rule 16(b). ....................... 2
    B. Leave to File the Newly Acquired Counterclaims is Appropriate under Rule 15. ........................................................................................ 5
        1. TANY Does Not Submit Any Evidence of Undue Delay, Bad Faith, or Dilatory Motive. ................................................... 5
        2. TANY Fails to Establish Undue Prejudice. ................................ 6
        3. TANY Fails to Establish That Roup's Counterclaims Are Futile. ............................................................................................ 8
III. CONCLUSION .................................................................................................. 13

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

i   CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

# TABLE OF AUTHORITIES

Page

## CASES

*Action Learning Sys., Inc. v. Crowe*,
  2014 WL 12564011 (C.D. Cal. Aug. 11, 2014) .................................................. 11

*Ahanchian v. Xenon Pictures, Inc.*,
  624 F.3d 1253 (9th Cir. 2010) .............................................................................. 2

*Am. Career Coll. v. Medina*,
  2022 WL 1839096 (C.D. Cal. Feb. 14, 2022) (Gutierrez, J.) ..................... 3, 5, 6

*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*,
  28 Cal. App. 5th 923 (2018) ............................................................................... 11

*Bowen v. Target Corp.*,
  2019 WL 9240985 (C.D. Cal. Nov. 12, 2019) .................................................... 6

*Brown v. TGS Mgmt. Co., LLC*,
  57 Cal. App. 5th 303 (2020), review denied (Feb. 24, 2021) .................... 10, 11

*Eminence Capital, LLC v. Aspen, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ......................................................................... 5, 6

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................. 5

*Foremost Groups Inc v. Tangshan Ayers Bath Equip. Co. Ltd*,
  2023 WL 4203476 (C.D. Cal. May 3, 2023) ...................................................... 6

*Genentech, Inc. v. Abbott Lab'ys*,
  127 F.R.D. 529 (N.D. Cal. 1989) ................................................................ 5, 6, 7

*Hartford Life & Acc. Ins. Co.*,
  567 F. Supp. 2d 1221 (E.D. Cal. 2008) ............................................................... 3

*Morehead v. City of Oxnard*,
  2023 WL 3431289 (C.D. Cal. Jan. 23, 2023) ..................................................... 8

*Ruiz v. Affinity Logistics Corp.*,
  2009 WL 648973 (S.D. Cal. Jan. 29, 2009) ........................................................ 3

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
  708 F.3d 1109 (9th Cir. 2013) ............................................................................. 5

*Steir v. Girl Scouts of the USA*,
  383 F.3d 7 (1st Cir. 2004) .................................................................................... 6

*Stubbs v. Covenant Sec. Servs., Ltd.*,
  2015 WL 5521984 (N.D. Cal. Sept. 16, 2015) ................................................. 13

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ii                                                      CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY
ACQUIRED COUNTERCLAIMS

# TABLE OF AUTHORITIES
(continued)

**Page**

*Woodward v. Cnty. of San Diego*,
   2020 WL 1820265 (S.D. Cal. Apr. 10, 2020) ....................................................... 3

### STATUTES

Cal. Bus. & Prof. Code § 16600 ................................................................ 1, 7, 10, 11

Cal. Bus. & Prof. Code § 16600.1 ................................................................................ 4

Cal. Bus. & Prof. Code § 16600.5 ................................................................... 2, 4, 8, 9

Cal. Bus. & Prof. Code § 16600.5(a) ........................................................................... 4

Cal. Bus. & Prof. Code § 16600.5(e)(1)-(2) ............................................................. 10

### RULES

Rule 12(b)(6) ............................................................................................................... 8

Rule 15 ............................................................................................................... 2, 5, 6

Rule 15(a) .................................................................................................................... 5

Rule 16 .................................................................................................................... 2, 3

Rule 16(b) ............................................................................................................... 2, 3

- iii -   CASE NO. 2:22-CV-04735-RSWL-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.     **INTRODUCTION**

TANY's Opposition to Roup's Motion rests upon the fundamentally flawed assertion that Roup should have brought her Counterclaims "over a year ago" (Opp. at 1), even though they are plainly based on new substantive amendments to California law that went into effect *on January 1, 2024*, based on legislative bills that were passed in late 2023.  In other words, TANY's time-bending proposition is that Roup should have anticipated what substantive laws the California legislature might consider and pass, the governor would sign, and would go into effect.  This position defies logic and, of course, TANY cites no apposite case to support such a nonsensical result.  To the contrary, Roup acted promptly after California's new laws became effective to bring this Motion.  Further illustrating their timeliness, those Counterclaims even include facts that Roup only obtained on February 15, 2024, via the deposition testimony of TANY's corporate representative.  *See* Dkt. 64-2, Exh. A (Counterclaims) ¶ 38 (citing TANY's recent testimony as further support for the invalid, anti-competitive nature of its contract claim against Roup).  Roup was plainly diligent in bringing her well-grounded Counterclaims on new law and newly acquired facts, and TANY fails to establish otherwise.

Nor is there any prejudice to TANY because the *factual* foundation of the claims—which are brought on newly enacted *legal* bases—have already been at issue throughout this case and in discovery as a result of Roup's Fifth Affirmative Defense, which alleges that TANY's contract claim is an unlawful attempt to enforce a void contractual provision under Section 16600.  Thus, TANY had a full opportunity to, and did, take discovery of these facts.  However, to the extent the Court believes a limited reopening of discovery and corresponding short extension of the case schedule is warranted for the sole purpose of limited party discovery regarding the remedies Roup seeks via her Counterclaims, Roup would not object.

TANY also fails to establish undue delay, bad faith, or dilatory motive,

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

providing no evidence at all to carry its burden. TANY cannot establish futility as a matter of law either, and it instead engages in a summary judgment-like and misleadingly fact-bound determination of the Counterclaims that is both wrong and wildly premature. And, try as it might, TANY cannot concoct a meritorious legal or factual defense to the Counterclaims because TANY's years' long campaign and multiple attempts to enforce invalid contract provisions to substantially restrain Roup's profession are precisely the type of unlawful actions that the California legislature sought to target in providing employees a new, substantive affirmative cause of action under Section 16600.5 for damages and attorneys' fees against bad-actor employers, like TANY.

Thus, Roup's Motion to file her Counterclaims is proper under Rules 15 and 16 and should be granted.

## II. ARGUMENT

### A. Roup Was Diligent in Seeking to File Her Counterclaims, Satisfying the Good Cause Standard Under Rule 16(b).

As set forth in her Memorandum, Roup easily meets Rule 16(b)'s good cause standard for amendment of the scheduling order to permit the filing of her Counterclaims because she promptly met and conferred with TANY after the laws went into effect on January 1, 2024 and filed her Motion for Leave along with the proposed Counterclaims five weeks later. The Ninth Circuit has stated—as Plaintiffs recognized and presented to the Court when they sought to re-open and continue the fact discovery deadline (Dkt. 57 at 12)—that "'[g]ood cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

TANY's argument that Roup was not diligent bears no weight, and rests upon illogically flawed reasoning, including that Roup should have pursued a counterclaim months or years *before* the laws she invokes even existed. But a party is diligent "when it 'obtains new evidence through the discovery process and promptly moves

2   CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

to amend the pleadings.'" *See Am. Career Coll. v. Medina*, 2022 WL 1839096, at *2 (C.D. Cal. Feb. 14, 2022) (Gutierrez, J.) (quoting *Woodward v. Cnty. of San Diego*, 2020 WL 1820265, at *3 (S.D. Cal. Apr. 10, 2020)); *see also Ruiz v. Affinity Logistics Corp.*, 2009 WL 648973, at *9 (S.D. Cal. Jan. 29, 2009) (finding good cause under Rule 16(b), and noting that "[o]ther district courts have granted leave to amend based on new legal authority decided after the time for amendment had expired").

In *Hood v. Hartford Life & Acc. Ins. Co.*, the court found good cause when new law and evidence first revealed the basis for the party's new claim, even after discovery was closed. 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008). The plaintiff in *Hood* sought leave to add a claim for treble damages when she "first discovered facts supporting her claim for treble damages under Section 3345 during recent depositions" and that "shortly before the depositions, the decision [of the Circuit's district court] was issued." *Id.* at 1124-25. The plaintiff argued that the deposition and new law—which was the "first case to apply" a new theory of damages on which she based her new claim—"made plaintiff aware of the viability of a claim for treble damages in this case." *Id.* at 1125. Finding good cause for the amendment, the court reasoned that "the cumulative effect of the depositions, the [district court's] ruling, and plaintiff's quick response in seeking a stipulation and moving to amend, all demonstrate plaintiff's diligence and show good cause as required under Rule 16." *Id.*

Roup, too, promptly requested that TANY stipulate to Roup adding her recently acquired claims just after they went into effect. TANY refused and so Roup promptly finalized and filed her Counterclaims and Motion. Now, TANY asserts that because Roup did not previously pursue claims for declaratory relief that she cannot take advantage of California's entirely new laws. But neither California statutory law nor any case law requires such a prerequisite placeholder filing in anticipation of a hypothetical change in the law.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3   CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

TANY's assertion that there is nothing particularly novel about the new laws is flatly wrong.  Section 16600.5 made substantive changes that were not part of California's Business and Professions Code before January 1, 2024.  For instance, it provides that "[a]ny contract that is void under this chapter is unenforceable regardless of where and when the contract is signed." Cal. Bus. & Prof. Code § 16600.5(a).  And it confirms that an employer "shall not attempt to enforce" a void contract "regardless of whether the contract was signed and the employment was maintained outside of California." *Id.* § 16600.5(b).  These new provisions make clear that TANY's unlawful activities, no matter where they occurred, support Roup's Counterclaims and that Roup's employment in New York by TANY (itself a California company) is no excuse for the void nature of the unlawfully restrictive covenants.

Even TANY acknowledges that California's new laws provide real, substantive new rights, stating that "[t]he only thing that the enactment of Cal. Bus. & Prof. Code sections 16600.1 and 16600.5 changed for Roup is her ability to recover actual damages from TANY." Opp. at 11.  Not only is this an incomplete recitation of the new law, the ability to recover damages is hardly a ministerial change in the law.  There are obvious reasons why a party like Roup might decide not to bring a counterclaim for declaratory relief without the prospect of recovering damages and attorneys' fees (especially when already making the same arguments via an affirmative defense, as Roup did), but would want to take advantage of a newly enacted law that provides meaningful new substantive relief, including damages and mandatory attorneys' fees, which Section 16600.5 newly provides.

TANY cites a number of cases in its attempt to support its assertion that Roup was not diligent (Opp. at 13), but none is instructive at all.  And TANY cites no case in which a Court barred a party from bringing a claim based on a new law that was enacted during the course of the litigation, much less after the scheduling order was

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4                                      CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

entered. The reason TANY cites no such case is because it is entirely appropriate for a party like Roup to bring a new claim based on a change in the law that confers new substantive rights, particularly where the nucleus of facts is the same with existing claims and it would make little sense to require that party to bring the claim in a separate proceeding.

### B. Leave to File the Newly Acquired Counterclaims is Appropriate under Rule 15.

Roup's Motion is also proper under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires," and TANY has failed to establish otherwise. Fed. R. Civ. P. 15 (a); *see also* Mot. at 7 (collecting cases that leave to amend is to be granted with "extreme liberality"). A court "may decline to grant leave to amend ***only*** if there is ***strong evidence*** of 'undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphases added) (brackets in original); *Am. Career Coll.*, 2022 WL 1839096, at *3 (quoting *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). TANY, as the party opposing Roup's motion, "bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989); *Foman*, 371 U.S. at 182. *See also* Mtn. p. 8. It has failed to carry its burden.

#### 1. TANY Does Not Submit Any Evidence of Undue Delay, Bad Faith, or Dilatory Motive.

TANY presents no evidence at all to support a finding of undue delay, bad faith, or dilatory motive, and fails to carry its burden on this factor as a result. Indeed, "there is no bad faith 'where the record demonstrates that plaintiffs' allegations were not frivolous and that they were endeavoring in good faith to meet the pleading

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5                                            CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

requirements.'" *Am. Career Coll.*, 2022 WL 1839096, at *4 (quoting *Eminence Cap., LLC*, 316 F.3d at 1053). This is precisely the case here. Roup promptly conferred with TANY as required by the Local Rules and promptly brought her Motion.[1]

### 2. TANY Fails to Establish Undue Prejudice.

TANY's prejudice argument principally rests on its argument that allowing amendment would require it to actually defend the Counterclaims and its belief that it needs additional discovery about them. As an initial matter, it is well-established in this Circuit that the need for additional discovery or that such discovery may delay trial on their own "do not constitute undue prejudice."[2] *Genentech, Inc.*, 127 F.R.D. at 531; *see e.g.*, *Foremost Groups Inc. v. Tangshan Ayers Bath Equip. Co. Ltd*, 2023 WL 4203476, at *8 (C.D. Cal. May 3, 2023) ("[T]he fact that the parties may need to engage in some additional discovery is not sufficient by itself to demonstrate that amendment would be prejudicial."); *Bowen v. Target Corp.*, 2019 WL 9240985, at *4 (C.D. Cal. Nov. 12, 2019) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party itself constitutes a sufficient showing of prejudice.") (internal quotation marks omitted); *Am. Career Coll.*, 2022 WL 1839096, at *3 (collecting cases). Furthermore, "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15." *Foremost Groups Inc.*, 2023 WL 4203476, at *8 (internal quotation marks omitted) (finding "the fact that Defendant would need to litigate the issue of underlying liability, which has always remained in the periphery of the case, is not sufficient by itself to demonstrate prejudice.").

---

[1] Even had Roup filed her Motion for Leave on January 1, 2024—the day the new laws went into effect—this Motion still could not have practically been ruled upon and further discovery taken and concluded by February 10, 2024. Thus, TANY's assertion that Roup's filing of her Motion less than two months after the new law went into effect was somehow dilatory or prejudicial lacks merit for this reason as well.

[2] TANY relies on out-of-circuit law to support its position that additional discovery and pushing out trial are sufficient bases to deny Roup's motion. Opp. p. 15 (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004)).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6    CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

In *Genentech*, the court granted leave when the defendant failed to present evidence of prejudice. The defendant argued that the proposed amendment "would require it to depose numerous witnesses across the country who have been previously questioned and would necessitate additional document searches and written discovery. [The d]efendant further argue[d] that additional discovery will postpone the trial date." 127 F.R.D. at 531. The *Genentech* court found that the defendant had "failed to present any evidence of undue prejudice that will occur if plaintiff is allowed to amend its complaint," *id.* at 532, reasoning that the plaintiff had "offered plausible reasons for its earlier failure to include allegations" to support new claims, *id.* at 531.

Likewise, here, TANY has submitted no evidence to support its prejudice argument. Instead, its argument for prejudice is that the counterclaims would require additional discovery that may postpone the trial date. *See* Opp. at 14-18. But this is insufficient, as described *supra*. And TANY's reasoning is faulty in any event, as the facts of TANY's attempt to enforce void contractual provisions have been at issue throughout this case, including because Roup's Fifth Affirmative Defense covers the factual field that supports the proposed Counterclaims, stating as follows:

> Plaintiffs' claims are barred in whole or in part because some or all of Roup's contract with TANY is unenforceable as against public policy and state law, including because it operates as a substantial restraint on Roup's profession, trade, or business in violation of California Business & Professions Code § 16600, and because it seeks an anti-competitive result to confer upon Plaintiffs a monopoly in or undue control over the relevant dance-cardio fitness market.

Dkt. 25 at 14.

In fact, TANY did conduct discovery on this affirmative defense. TANY propounded discovery on Roup regarding the affirmative defense, and Roup responded to it. Furthermore, TANY had an abundant opportunity to depose Roup on this defense.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7                                                      CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

In any event, to the extent the Court believes a limited reopening of discovery and corresponding short extension of the case schedule is warranted for the sole purpose of limited party discovery regarding the remedies Roup seeks via her Counterclaims, Roup would not object.[3]  Thus, TANY cannot demonstrate prejudice sufficient to defeat the Motion.

### 3. TANY Fails to Establish That Roup's Counterclaims Are Futile.

In an attempt to establish futility, TANY goes well beyond the proposed pleading and engages in a fact-bound inquiry that is only appropriate on a motion for summary judgment or at trial.  However, "[t]he test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Morehead v. City of Oxnard*, 2023 WL 3431289, at *6 (C.D. Cal. Jan. 23, 2023) (internal quotation marks omitted).  Thus, TANY would need to prove that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Id.*  TANY cannot do so on a Rule 12(b)(6) motion and has certainly failed to do so here.

As set forth in Roup's Counterclaims, TANY has violated California's new law, Business & Professions Code section 16600.5, by "enter[ing] into a contract that is void under this chapter" and "attempt[ing] to enforce a contract that is void under this chapter [i.e., Section 16600 *et seq.*]."  Counterclaims ¶¶ 8, 14-27.  Roup has pleaded numerous facts supporting that the Unenforceable Covenants in her Trainer Agreement (as defined in the Counterclaims) are both facial and as-enforced violations of Section 16600.5.  Apart from the facial invalidity of the provisions

---

[3] Tellingly, TANY did not even suggest how much additional time it would need to conduct discovery relating to Roup's Counterclaims.  Roup would not object to a limited, two- or three-month case schedule extension and reopening of discovery for the sole purpose of limited party discovery regarding the remedies Roup seeks via her Counterclaims.  This could include, for instance, Roup sitting for another hour of on-record testimony regarding her damages or limited written discovery (e.g., one interrogatory asking that she identify her damages sought via her Counterclaims).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8    CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

(which themselves violate the new law), TANY's unlawful attempts at enforcement include sending Roup multiple misleading warning letters that threatened her not to even attempt to perform basic functional exercises and movements that are the foundation of the fitness industry, on the false and ridiculous premise that they are somehow "confidential." *Id.* ¶¶ 17-21.

TANY obfuscates these allegations in its Opposition. But the exit letter and March 2018 cease and desist letter contain highly misleading and oppressively overbroad applications of the Trainer Agreement, and were sent in an attempt to interfere with Roup's profession after she quit TANY. For instance, the Counterclaims allege:

> [T]he exit letter states that Roup may not use or disclose "the Tracy Anderson methods, including the exercise routines, formulas, sequences, and movements and CRM Methods." But, Anderson's so-called "method," and the routines, formulas, sequences, and movements that comprise it were performed in classes that were open to the public and depicted on videos, DVDs, and the Internet are not confidential and Anderson has no monopoly over them. Yet TANY's exit letter misleadingly made it seem as if they were protectible confidential information and provided no guidance or clarity for how Roup could understand what she was supposedly not to do.

Counterclaims ¶ 17. And as to the March 2018 cease and desist letter, the Counterclaims allege,

> This letter stated that "[w]e understand you have posted video depicting exercise routines and movements developed by TAM which you would have used at TAM," and demanded that she "take down all such video, and *refrain from using these movements and techniques* in your training endeavors, whether live in class or on video." *Id.* ¶ 18 (emphasis added).

> The March 2018 cease and desist letter also misquoted and mischaracterized the Trainer Agreement, stating that it barred Roup from using or disclosing certain things including workouts, exercise routines, and movements, but again failing to acknowledge or clarify that any such information that is

publicly disclosed—such as Anderson's so-called "method" and movements—has no confidential status. *Id.* ¶ 19.

In other words, in both letters, TANY misleadingly told Roup that she could not even perform *publicly disclosed* movements because they were allegedly "confidential," which is both flatly wrong as a matter of the contract and part of TANY's campaign to wield its oppressively broad confidentiality provisions against its former trainers, like Roup. Roup even responded to the March 2018 letter denying she had done anything improper and asked TANY to identify the source of its concern, but TANY never replied, further establishing the baseless nature of its threat. *Id.* ¶ 23.

Similarly, TANY then filed its original complaint in this action on July 11, 2022, including claims against Roup for alleged breach of the Trainer Agreement for Roup's use of unidentified but supposedly protectable "Confidential Information." *See, e.g.*, *id.* ¶¶ 22-26. However, as with the misleading exit letter and cease and desist letter, TANY has attempted to use its contract claim in this action to enforce the oppressively vague provisions of its Trainer Agreement to unlawfully restrict legitimate competition. *Id.* ¶ 21. All of this is precisely the type of unlawful behavior that California's new laws target by making the employer civilly liable for such improper actions. Cal. Bus. & Prof. Code § 16600.5(e)(1)-(2) (former employee "may bring a private action to enforce this chapter for injunctive relief or the recovery of actual damages, or both … [and the prevailing employee] shall be entitled to recover reasonable attorney's fees and costs").

Overbroad confidentiality provisions such as TANY's fall squarely within section 16600's prohibition. For example, in *Brown v. TGS Mgmt. Co., LLC*, the California Court of Appeal invalidated under Section 16600 a confidentiality provision that prohibited the plaintiff-employee, in perpetuity, from using all "information, in whatever form, used or usable in, or originated, developed or acquired for use in, or about or relating to . . . analyzing, executing, trading and/or hedging in securities and financial instruments and derivatives thereon, securities-

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

10   CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

related research, and trade processing and related administration . . ." 57 Cal. App. 5th 303, 316–17 (2020), review denied (Feb. 24, 2021). The court held that "these overly restrictive provisions operate as a de facto noncompete provision . . . [and] are void *ab initio* and unenforceable." *Id*. at 319; *see also AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th 923, 940 (2018) ("section 16600 precludes an employer from restraining an employee from engaging in his or her 'profession, trade, or business,' even if such an employee uses information that is confidential but not a trade secret").

TANY argues that its "Confidential Information" provision is different from *Brown* because it is "narrowly tailored," but the record (and allegations of the Counterclaims highlighted above) show that it is not. Unquestionably, warning Roup that she could not perform *publicly disclosed* movements because they are allegedly confidential is precisely the type of effort to wield the Confidential Information provision as a de facto non-compete, as in *Brown*. *See also Action Learning Sys., Inc. v. Crowe*, 2014 WL 12564011, at *6 (C.D. Cal. Aug. 11, 2014) ("it should go without saying that information, systems, or methods revealed by publicly-marketed products are not true trade secrets.") (citation omitted). In *Action Learning*, the court noted that a similar a confidential information provision was so broad that, "after leaving ALS, [former employees] would essentially need a lobotomy in order to continue working in the educational field without violating these restrictions." *Id*. at *12. This is the same type of unenforceable effort that TANY has attempted against Roup.

As robust as her Counterclaims are, Roup has not even alleged all the evidence that would support them. For example, TANY's corporate designee also testified that she believed Roup was using TANY's "confidential information" in her workout videos because—even though she conceded she did not see any of TANY's confidential information in Roup's video—"I believe it's what you can't see in the

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

11                                    CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

video that is confidential to [TANY]."[4]  TANY's witness further admitted that she has no way of knowing what Roup is thinking when she is instructing the workouts. Counterclaims ¶ 38.  This is precisely the type of unlawful attempt to restrict a former employee by wielding an unenforceably vague confidentiality provision that courts do not permit.

Finally, while TANY protests that it is not attempting to enforce the non-compete or client non-solicitation covenants in the Trainer Agreement, its actions as alleged in the Counterclaims show that it is trying to bootstrap these unlawful covenants into its "Confidential Information" covenant in order to enforce them. *See* Counterclaims ¶ 26.  Indeed, the FAC specifically names "customer lists" as some of the allegedly Confidential Information at issue in TANY's contract claim, meaning that TANY itself has put the client non-solicitation provision at issue by attempting to enforce it.  *See, e.g.*, FAC ¶¶ 4, 33; *see also id.* ¶ 68 (alleging Roup "also used Confidential Information related to customers").  This Court also noted TANY's reference to its confidential customer information in its order on Roup's Motion to Dismiss.  Dkt. 20 at 18 ("Plaintiff TANY asserts that Defendant Roup … used Confidential Information 'related to customers … and employees.'").  And, moreover, the misleading "exit letter"—which attempted to warn Roup against performing any movements used in TANY's classes, whether or not publicly disclosed—was indeed sent within the "Restriction Period" of the non-compete and non-solicitation covenants, meaning TANY was indeed attempting to unlawfully enforce those invalid provisions.

In any event, all of these factual issues about whether TANY's "Confidential Information" was truly a confidential trade secret and whether TANY has unlawfully attempted to enforce such a provision are fact-bound questions for another day.  In

---

[4] Roup could add numerous other allegations to her Counterclaims based on the damaging testimony from TANY's corporate representatives, including Ms. Anderson, though that of course would be premature at this stage.

fact, TANY itself previously argued that "whether information has maintained its 'confidential' status is a question of fact not determined on a motion to dismiss." Dkt. 17 at 18.

Thus, TANY's attempt to establish futility fails and its fact-bound arguments only show that Roup has pleaded more than enough to establish factual issues that cannot be resolved at this stage. *Stubbs v. Covenant Sec. Servs., Ltd.*, 2015 WL 5521984, at *7-9 (N.D. Cal. Sept. 16, 2015) (rejecting futility argument and finding "it is in the interests of justice to permit Plaintiffs to file" an amended pleading where new law added a new basis for liability).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Roup's Motion and deem the Counterclaims filed as of the date of such ruling.

Respectfully submitted,

Dated: March 8, 2024                MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Nathaniel L. Bach*
    Nathaniel L. Bach

*Attorneys for Defendants*
MEGAN ROUP and THE SCULPT SOCIETY, LLC

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13                          CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Megan Roup and The Sculpt Society, LLC, certifies that this brief contains 4,178 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 8, 2024                          MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Nathaniel L. Bach*
     Nathaniel L. Bach

*Attorneys for Defendants*
MEGAN ROUP and THE SCULPT SOCIETY, LLC

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

14                                      CASE NO. 2:22-CV-04735-PSG-E
REPLY IN SUPPORT OF DEFENDANT MEGAN ROUP'S MOTION FOR LEAVE TO FILE RECENTLY ACQUIRED COUNTERCLAIMS