## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC, et al. v. Megan Roup, et al. | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Lynnie Fahey | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):    Order DENYING Defendant Roup's motion for leave to file counterclaims. [ECF 64]**

Before the Court is a motion for leave to file counterclaims filed by Defendant Megan Roup ("Defendant Roup"). *See generally* Dkt. # 64-1 ("*Mot.*"). Plaintiff T.A. Studio New York LLC ("Plaintiff TANY") opposed the motion. *See generally* Dkt. # 65 ("*Opp.*"). Defendant Roup replied. *See generally* Dkt. # 66 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** Defendant Roup's motion for leave to file counterclaims.

I.    Background

Plaintiffs TANY and Tracy Anderson Mind and Body ("Plaintiff TAMB") (collectively, "Plaintiffs") are limited liability companies owned by Tracy Anderson, a fitness instructor who has several studios in New York and California and developed a choreography-based fitness movement called the Tracy Anderson Method. *First Amended Complaint*, Dkt. # 12 ("*FAC*"), ¶¶ 1–2. Defendant Roup was previously employed by Plaintiff TANY as a trainer from 2011 to 2017 and signed the "Trainer Agreement," which included "Non-Compete," "Confidential Information," and "Client Non-Solicit" clauses. *Id.* ¶ 3; *Mot.* 3:9–4:8. Defendant Roup quit in or around February 2017 and shortly thereafter founded and began teaching her own training method, Defendant The Sculpt Society ("Defendant TSS") (collectively, "Defendants"). *FAC* ¶ 5.

On July 11, 2022, Plaintiffs filed a complaint, *see* Dkt. # 1, which they amended on September 13, 2022, *see FAC*, alleging four causes of action against Defendants:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC, et al. v. Megan Roup, et al. | | |

<u>First cause of action:</u>  Federal copyright infringement, 17 U.S.C. §§ 106, 501. *FAC* ¶¶ 50–56.

<u>Second cause of action:</u>  Violation of the Lanham Act, 15 U.S.C. § 1125(a). *Id.* ¶¶ 57–63.

<u>Third cause of action:</u>  Breach of contract.  *Id.* ¶¶ 64–69.

<u>Fourth cause of action:</u>  Violations of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code ¶ 17200, *et seq.  Id.* ¶¶ 70–73.

Defendants filed an answer to the first amended complaint on January 18, 2023, *see* Dkt. # 21, which they amended on February 8, 2023, *see* Dkt. # 25 ("*Answer*").  Defendants did not raise any counterclaims in the amended answer but asserted several affirmative defenses, including one under California Business & Professions Code § 16600.  *See generally Answer.*

The Court issued a scheduling order setting a November 6, 2023 deadline to add parties and amend pleadings.  *See generally* Dkt. # 48.  On February 20, 2024, Defendant Roup brought this motion for leave to file the following counterclaims against Plaintiff TANY:  (1) Violation of California Business and Professions Code §§ 16600, 16600.1, 16600.5; and (2) violation of the UCL.  *See generally Mot.*; *Declaration of Nathaniel L. Bach i/s/o Defendant Roup's Motion*, Dkt. # 64-2 ("*Bach Decl.*"), Ex. A ("*Counterclaims*")  Both counterclaims are based on Defendant Roup's allegations that the "Non-Compete," "Confidential Information," and "Client Non-Solicit" clauses in the employment contract between Defendant Roup and Plaintiff TANY are unenforceable and illegal.  *See generally Counterclaims*.  Defendant Roup states that she could not bring the counterclaims she seeks to file until after the deadline to amend pleadings because California Business and Professions Code §§ 16600.1 and 16600.5, which give rise to her counterclaims, came into effect on January 1, 2024.  *Mot.* 1:4–10.

II.    <u>Legal Standard</u>

Under Federal Rule of Civil Procedure ("Rule") 16,[1] a party seeking to amend a pleading

---

[1] Defendant Roup incorrectly relies on Rule 15(a).  Once a court enters a pre-trial scheduling order, motions for leave to amend the pleadings are governed by Rule 16.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  Because Defendant Roup moved to amend her answer to add counterclaims after the November 6, 2023 deadline to amend pleadings, her motion is governed by Rule 16, not Rule 15.  Even if the Court were to analyze

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC, et al. v. Megan Roup, et al. | | |

after the date specified in a scheduling order must show "good cause" for modifying the scheduling order. *Johnson*, 975 F.2d at 609. A party demonstrates good cause by showing that, even with the exercise of due diligence, he or she could not meet the timetable set forth in the order. *Sloane v. Karma Enters., Inc.*, No. CV 08-05094 MMM (VBKx), 2009 WL 10674307, at *3; *Johnson*, 975 F.2d at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (internal citation omitted)). While the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

III.     Discussion

    Defendant Roup argues that she exercised diligence because she could not have brought her counterclaims until after January 1, 2024, when California Business and Professions Code §§ 16600.1 and 16600.5 went into effect. And after January 1, 2024 (1) she contacted and conferred with Plaintiff TANY about a stipulation to the addition of the new counterclaims within a week; and (2) she filed this motion promptly after Plaintiff TANY's refusal to stipulate. *Mot.* 9:18–28, 10:26–28. The Court disagrees and finds that Defendant Roup was not diligent enough to show good cause to modify the scheduling order.

    Courts find a party diligent in seeking to amend a pleading when new evidence and facts supporting the claims emerge after the deadline. *See e.g.*, *Am. Career Coll. v. Medina*, No. CV 21-698 PSG (SKx), 2022 WL 1839096, at *2 (C.D. Cal. Feb. 14, 2022) (finding that a party is diligent "when it obtains new evidence through the discovery process and promptly moves to amend the pleadings"); *see also Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008) (finding good cause for amendment because new laws and evidence, which revealed the basis for the party's new claim, were discovered after the deadline). But a party is not diligent where the facts and claims she wishes to add "were known to her well in advance of the amendment deadline, and she failed to either seek an amendment or ask for an

_____

the motion under Rule 15(a), the motion would likely still be denied because, as discussed below, the facts and law which support these counterclaims were likely known to Defendant Roup since the inception of this action. *See Neidermeyer v. Caldwell*, 718 F. App'x 485, 488–89 (9th Cir. 2017) (stating that even under the liberal Rule 15 standard "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC, et al. v. Megan Roup, et al. | | |

extension of the deadline." *Siliga v. Deutsche Bank Nat'l Trust Co.*, 637 F. App'x 438, 440 (9th Cir. 2002).

Defendant Roup knew or should have known all the necessary facts to assert these counterclaims at the inception of this action, as the factual basis for these counterclaims rests on the alleged anticompetitive clauses in the parties' employment agreement and Plaintiff TANY's efforts to enforce them dating back to 2017—when Defendant Roup stopped working for Plaintiff TANY. *See Mot.* 2:1–14. At a minimum, Defendant Roup was aware of the counterclaims' factual and legal basis since February 2023, when Defendants filed their amended answer. Defendants' fifth affirmative defense—which asserts that the employment contract between Plaintiff TANY and Defendant Roup is unenforceable because it violates California Business & Professions Code
§ 16600—reveals prior knowledge of the facts underlying the counterclaims. *See Answer* 14:16–22; *Reply* 1:18–22.[2]

Moreover, Plaintiff TANY correctly points out that the new laws Defendant Roup relies on are not actually new. *See Opp.* 12:1–3. Long before January 1, 2024, California law, under California Business & Professions Code §§ 16600 and 17200, declared non-compete agreements unenforceable and allowed employees to invalidate such agreements and seek various remedies including declaratory and injunctive relief. *See e.g.*, *Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937, 948 (2008) (entering a judgment declaring that an employer's non-compete agreement with their former employee was invalid under § 16600). Thus, the enactment of California Business & Professions Code §§ 16600.1 and 16600.5 are codifications of existing caselaw and do not make non-compete clauses suddenly unenforceable.

The primary change introduced by the new laws is the availability of monetary damages. Defendant Roup argues that the right to receive monetary damages is hardly a ministerial change in the law and that there are "obvious reasons why a party . . . might decide not to bring a counterclaim for declaratory relief without the prospect of recovering damages and attorneys' fees." *Reply.* 4:15–23. But Defendant Roup fails to articulate the "obvious reasons" for not filing these counterclaims earlier.

---

[2] In reply, Defendant Roup says her counterclaims include new facts that she discovered after a deposition of Plaintiff TANY's representative on February 15, 2024. *Reply* 1:11–16; *Counterclaims* ¶ 38. However, these facts do not give rise to a new claim because the general factual basis for her proposed counterclaims still existed well before February 2024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-04735 PSG (E) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Tracy Anderson Mind and Body, LLC, et al. v. Megan Roup, et al. | | |

Defendant Roup further argues that the newly enacted California Business & Professions Code §16600.5 clarified that Plaintiff TANY's alleged activities, no matter where they occurred, support Defendant Roup's counterclaims and that Defendant Roup's employment in New York, instead of California, does not impact the claims. *Reply.* 4:3–12; *see* Cal. Bus. & Prof. Code §16600.5 (providing that "any contract that is void under this chapter is unenforceable regardless of where and when the contract is signed" and regardless of whether the employment was maintained outside of California). However, Plaintiffs have never argued that Defendant Roup's status as an employee outside of California should prevent Defendants from relying on California Business & Professions Code §16600 to support their fifth affirmative defense or Defendant Roup from filing these counterclaims. Thus, this addition to the law did not change anything for Defendant Roup, as she suggests.

Even if the Court were to accept Defendant Roup's assertion that the amendments to California Business & Professions Code ripened her claims, this does not explain Defendant Roup's failure to seek modification of the scheduling order prior to the deadline to amend pleadings or the close of discovery. *See Opp.* 12:19–23. The new provisions were signed into law in September and October 2023, before the November 6, 2023 deadline for amending the pleadings. As soon as they were signed into law, Defendant Roup could have asked the Court to extend the deadline until after January 1, 2024, when the claims would ripen.

In sum, the Court finds that Defendant Roup's failure to file her counterclaims prior to the November 6, 2023 deadline to amend the pleadings stemmed from a lack of diligence. Thus, Defendant Roup has not shown good cause to modify the Court's scheduling order.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Roup's motion for leave to file counterclaims.

**IT IS SO ORDERED.**