MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER CHATHAM (CA Bar #240972)
  CChatham@manatt.com
NATHANIEL L. BACH (CA Bar #246518)
  NBach@manatt.com
SARAH E. MOSES (CA Bar #291491)
  SMoses@manatt.com
ANDREA D. GONZALEZ (CA Bar #336134)
  ADGonzalez@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

Attorneys for Defendants
MEGAN ROUP and THE SCULPT SOCIETY, LLC

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company; and T.A. STUDIO NEW YORK LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEGAN ROUP, an individual; and THE SCULPT SOCIETY, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:22-cv-04735-PSG-E<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANTS MEGAN ROUP AND THE SCULPT SOCIETY, LLC'S EVIDENTIARY OBJECTIONS AND REQUEST FOR RULING ON SPECIFIED OBJECTIONS**<br><br>Hearing Date:  June 7, 2024<br>Hearing Time:  1:30 p.m.<br>Courtroom:  6A |

## I. PRELIMINARY STATEMENT AND REQUEST FOR RULING

Pursuant to paragraph 7.c.3. of the Court's Standing Order, Defendants Megan Roup ("Roup") and The Sculpt Society, LLC ("TSS") (collectively, "Defendants") object to the evidence identified herein, which plaintiffs Tracy Anderson Mind and Body, LLC ("TAMB") and T.A. Studio New York LLC ("TANY") (collectively, "Plaintiffs") have offered in support of their opposition (Dkt. 84-1) ("Opposition") to Defendants' Motion for Full or Partial Summary Judgment (Dkt. 70) (the "Motion"). For the reasons set forth herein, the Court should exclude and not consider the statements set forth below as evidence in support of Plaintiffs' Opposition, all of which are inadmissible. Defendants respectfully request that the Court rule on the evidentiary objections set forth herein when deciding the Motion.

## II. DEFINED OBJECTIONS

Defendants object to the May 17, 2024 Declaration of Gina Durham (the "Durham Decl.") (Dkt. 84-3) and certain exhibits thereto, and the May 17, 2024 Declaration of Maria Kelling (the "Kelling Decl.") (Dkt. 84-3, 84-4) and certain exhibits thereto, on the specific grounds set forth in Section III below. For the Court's convenience, and because of the large volume of Plaintiffs' evidence and the resulting objections, Defendants define their specific objections as follows:

1. **"Lack of foundation"** : Pursuant to Rule 602 of the Federal Rules of Evidence, statements contained in one or more of the Declarations and/or exhibits thereto lack foundation and/or are not based on personal knowledge.

2. **"Inadmissible opinion and/or improper legal conclusion"** : Pursuant to Rule 701 of the Federal Rules of Evidence and relevant case law, statements contained in one or more of the Declarations and/or exhibits thereto are based on impermissible speculation or conjecture, or amount to inadmissible legal argument, legal conclusions, and opinions as to issues of ultimate facts. *See, e.g., Burch v. Regents of the University of California*, 433 F. Supp. 2d 1110, 1119 (N.D. Cal. 2006) ("[S]tatements in declarations based on speculation or improper legal conclusions, or

argumentative statements, are not *facts* and . . . will not be considered on a motion for summary judgment." (emphasis in original)); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affidavit properly struck "on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony."); *Shakur v. Schirro*, 514 F.3d 878, 890 (9th Cir. 2008) ("[C]onclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient" (internal quotation marks omitted)).

3. **"Hearsay"** : Pursuant to Rules 801 through 803 of the Federal Rules of Evidence, statements contained in one or more of the Declarations and/or exhibits thereto constitute inadmissible hearsay.

4. **"Not produced prior to fact discovery cut-off"** : Pursuant to Rules 26(a) and 37(c)(1) of the Federal Rules of Civil Procedure, documents attached as exhibits to one or more of the Declarations were not produced in fact discovery as required under Rules 26 and 37 of the Federal Rules of Civil Procedure.

5. **Failure to Use or Serve Lodged Materials:** Plaintiffs lodged videos (Dkt. 74) in connection with their Opposition to Defendants' Motion for Summary Judgment. It appears that Plaintiffs failed to cite to these videos anywhere in support of their Opposition, rendering them irrelevant and in violation of paragraph 7.c.2. of the Court's Standing Order. Furthermore, Plaintiffs never served these videos on Defendants as required under the Local Rules. In any event, the lodged videos—certain of TSS's workout videos—only underscore the functional nature of the exercise routines.

## III. SPECIFIC OBJECTIONS

### A. Objections to the Declaration of Gina Durham

| | **Material Objected To** | **Grounds for Objection** |
|---|---|---|
| 1. | Durham Decl. (Dkt. 84-3), ¶ 2, Ex. A | Lack of foundation and |

| | | |
|---|---|---|
| | (Deposition of Tracy Anderson ("Anderson Depo.")) at 119:15-20 ["[Roup] took the formulas and the way that we do things…and used it for herself to create her business"]; | inadmissible speculation/conjecture as to what Roup "took" and "used" (FRE 602, 701)<br><br>*Sustained / Overruled* |
| 2. | Durham Decl., Exh. A (Anderson Depo.) at 120:14-15 [Roup took "the things she learned" at TANY]; | Lack of foundation and inadmissible speculation/conjecture as to what Roup "took" (FRE 602, 701)<br><br>*Sustained / Overruled* |
| 3. | Durham Decl., Exh. A (Anderson Depo.) at 267:3-268:5 [Anderson states that TANY's trade secrets include ███████ ███████████ ███████████ ████████████ ██████████ ████████████ █████████████ ████████████ █████████████ █████████████ █████████████ ████████████ █████████████ ██████████ ███████ ]; | Improper legal conclusion as to alleged trade secrets (FRE 602, 701)<br><br>*Sustained / Overruled* |
| 4. | Durham Decl., Exh. B (Kelling Depo.) at 167:20-168:3 ["I am not aware what tangible material she took, but I do believe she has taken confidential, proprietary information with her…the expression of | Lack of foundation and inadmissible speculation/conjecture as to what Roup "took" (FRE 602, 701) |

| # | | |
|---|---|---|
| | the ideas and how to develop that expression is what she took"]; | *Sustained / Overruled* |
| 5. | Durham Decl., Exh. B (Kelling Depo.) at 195:23-196:4 ["Megan could still be copying from our company and not providing that same kind of movement phrase if she took our practices in terms of how we're developing our company and tried to pass it off as her own idea. It's not about the movement that somebody is doing, it's about how those things are created"]; | Lack of foundation and improper speculation/conjecture as to what Roup "could" be doing (FRE 602, 701) *Sustained / Overruled* |
| 6. | Durham Decl., Exh. B (Kelling Depo.) at 222:23-223:1 [■■■] | Lack of foundation as to the basis of Kelling's "understanding" (FRE 602) Inadmissible speculation and conjecture as to Roup's practices (FRE 701) *Sustained / Overruled* |
| 7. | Durham Decl., Exh. B (Kelling Depo.) at 226:19-227:6 ["[Roup] worked for our company for six years, and after two weeks leaving our company, started her own company that mimics our product and tries to pass it on as her own, I would believe strongly that she took some information, knowledge, understanding of what she had been doing for the last six years to start her business two weeks after leaving our company"]; | Lack of foundation as to the basis of Kelling's "belief" and asserted "mimicry" (FRE 602) Inadmissible speculation and conjecture as to what Roup "took" (FRE 701) *Sustained / Overruled* |
| 8. | Durham Decl., Exh. B (Kelling Depo.) at 231:19- 232:15 [■■■ | Lack of foundation as to the basis for Kelling's "belief" and the asserted "similarity" (FRE |

| | | |
|---|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ]; | 602) *Sustained / Overruled* |
| 9. | Durham Decl., Exh. B (Kelling Depo.) at 248:14-23 ["I could assume, based on how closely [Roup's] final performance is to our final performance, that she is using some tactics that she learned from working with our company to create and design her company"] | Lack of foundation as to the basis for Kelling's "assumption" (FRE 602) Inadmissible speculation and conjecture as to what Roup is "using" (FRE 701) *Sustained / Overruled* |
| 10. | Durham Decl., Exh. B (Kelling Depo.) at 231:19-21 [▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ] | Lack of foundation as to the basis for Kelling's "belief" and the asserted "similarity" (FRE 602) Inadmissible speculation and conjecture as to what Roup is "using" (FRE 701) *Sustained / Overruled* |
| 11. | Durham Decl., Exh. B (Kelling Depo.) at 232:5-7 [▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ]; | Lack of foundation as to the asserted ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ (FRE 602) *Sustained / Overruled* |
| 12. | Durham Decl., Exh. B (Kelling Depo.) at 59:8-10 ["the way Ms. Roup delivers her product is a closer resemblance to what we deliver in our product"]; | Lack of foundation as to the asserted "closer resemblance" (FRE 602) *Sustained / Overruled* |

| | | |
|---|---|---|
| 13. | Durham Decl., Exh. B (Kelling Depo.) at 58:23-59:10 ["Q. In your view, is there anything that Ms. Roup and her company are doing that is different from what the other former company trainers were doing when they received their cease and desist letters? . . . A. Yes, I do think there is a difference between what Ms. Roup is doing compared to others. Q. What is the difference? A. From what I've seen, the way Ms. Roup delivers her product is a closer resemblance to what we deliver in our product."] | Lack of foundation as to the asserted "closer resemblance" (FRE 602)<br><br>*Sustained / Overruled* |
| 14. | Durham Decl., Exh. B (Kelling Depo.) at 249:5-10 ["I have compared…our videos, and they are very similar. There are movements that are exactly the same. There are moves that are unique to Tracy Anderson's Method that Megan is also doing"]. | Lack of foundation as to the asserted "similarity" and "uniqueness" (FRE 602)<br><br>Improper opinion testimony (FRE 701)<br><br>*Sustained / Overruled* |
| 15. | Durham Decl., Ex. B (Kelling Depo.) at 222:2-16 ["Anybody can write down whatever they want to write down. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"]. | Improper legal conclusion as to "confidential" (FRE 701)<br><br>*Sustained / Overruled* |
| 16. | Durham Decl., Exh. F | Lack of foundation as to alleged oral agreement memorialized in |

| | | |
|---|---|---|
| | Confirmatory Copyright Assignment Agreement by Tracy Anderson Private Training, LLC and Tracy Anderson Mind and Body, LLC | Exhibit F, to which no one with personal knowledge attests. (FRE 602) *Sustained / Overruled* |
| 17. | Durham Decl., Exh. S (TSS write-ups) "Roup and TANY's class write-ups look highly similar." | Lack of foundation and improper attorney argument/opinion as to asserted "similarity" (FRE 602, 701) Improper expert opinion testimony (FRE 701) *Sustained / Overruled* |
| 18. | Durham Decl., Exh. Q (incorrectly cited as Exh. T) (The TA Method Trainers Cueing Protocol) ["TAMB's specific cueing protocol is unique"]. | Lack of foundation and improper attorney argument/opinion as to "unique" (FRE 602, 701) *Sustained / Overruled* |
| 19. | Durham Decl., ¶ 6, Exhibit E 6. Attached hereto as Exhibit E is a true and correct copy of the Contribution and Exchange Agreement entered into on June 1, 2011 by Bubi & Babe Exercise, Inc. and Tracy Anderson Mind and Body, LLC, which was located on April 26, 2024. At the time of the initial document production and relevant deposition, the relevant documents from 2011 had not yet been located despite diligent efforts by Plaintiffs. | Lack of foundation/no personal knowledge to authenticate Exhibit E or its location (FRE 602) Exhibit E not produced before fact discovery cut-off (FRCP 26(a) and 37(c)(1)) *Sustained / Overruled* |
| 20. | Durham Decl., ¶ 6 Since that time, this document relevant to | Improper legal conclusion or attorney argument/opinion as to what is "relevant" (FRE 701) |

| | | |
|---|---|---|
| | the transfer of TA Works previously owned by Bubu & Babe Exercise, Inc. to TAMB was located. Section 1 states that Bubi & Babe Exercise, Inc. contributed its tangible and intangible assets to Bubi & Babe Exercise, LCC, which in turn contributed them to TAMB. | *Sustained / Overruled* |
| 21. | Durham Decl., ¶ 7, Exhibit F<br><br>7. Attached hereto as Exhibit F is a true and correct copy of the Confirmatory Copyright Assignment Agreement entered into on May 14, 2024 and effective nunc pro tunc as of October 28, 2014 by Tracy Anderson Private Training, LLC and Tracy Anderson Mind and Body, LLC . . . | Lack of foundation/no personal knowledge to authenticate Exhibit F (FRE 602)<br><br>Exhibit F not produced before fact discovery cut-off (FRCP 26(a) and 37(c)(1))<br><br>*Sustained / Overruled* |
| 22. | Durham Decl., ¶ 8, Exhibit G<br><br>Screenshot of "The Tracy Anderson Method" page from Tracy Anderson's website at https://tracyanderson.com/studio/the-way/ | Hearsay as to the website's contents (FRE 801-803) |
| 23. | Durham Decl., ¶ 10, Exhibit I<br><br>Email correspondence between Megan Roup and Kristy Discipio regarding the TSS Equinox Trainer Manual on June 28, 2018 (MR_TSS_003858) | Hearsay as to the contents of the Equinox Instructor Training Manual (FRE 801-803) |
| 24. | Durham Decl., ¶ 15<br><br>15. Attached hereto as Exhibit N are true and correct copies of the TSS videos that Plaintiffs identified as examples of Defendants' Works which contain content that infringes on TAMB's copyrighted works in Plaintiff TAMB's Second Supplemental Response to Defendant Megan Roup's First Set of | Lack of foundation and improper legal conclusion/attorney argument or opinion as to "infringing" content (FRE 602, 701)<br><br>*Sustained / Overruled* |

| | | |
|---|---|---|
| 25. | Interrogatories.<br><br>Durham Decl., ¶ 17, Exhibit P<br><br>Email correspondence sent to Megan Roup from Maria Davidson on May 4, 2016, distributing the TANY Employee Handbook and documents included in TANY's Trainer Manual. | Hearsay (FRE 801-803) |
| 26. | Durham Decl., ¶ 18, Exhibit Q<br><br>The TA Method Trainers Cueing Protocol. | Hearsay (FRE 801-803) |

### B. Objections to the Declaration of Maria Kelling

| | **Material Objected To** | **Grounds for Objection** |
|---|---|---|
| 27. | Kelling Decl. (Dkt. 84-3), ¶ 16<br><br>16. I also oversee the development and delivery of company practices and policies including the distribution of the company's confidential information to employees. | Improper legal conclusion as to "confidential information" (FRE 701)<br><br>*Sustained / Overruled* |
| 28. | Kelling Decl., ¶ 17<br><br>17. For TAMB and TANY to successfully produce the volume of content they do that honors the creative expression of Ms. Anderson's choreographic works, we have confidential and proprietary business processes, systems, and procedures in place. | Improper legal conclusion as to "confidential and proprietary business processes, systems, and procedures" (FRE 701)<br><br>*Sustained / Overruled* |

| | | |
|---|---|---|
| 29. | Kelling Decl., ¶ 17(a), Exhibit 4<br><br>TANY emails discussing clients | Hearsay (FRE 801-803) |
| 30. | Kelling Decl., ¶ 17(b), Exhibit 3<br><br>TANY emails to TA trainers regarding TA Method classes | Hearsay (FRE 801-803) |
| 31. | Kelling Decl., ¶ 17(c)<br><br>*The TA Method Cueing Protocol.* All trainers receive and are trained in the TA Method Cueing Protocol, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Improper legal conclusion as to "proprietary process" and "proprietary vocabulary" (FRE 701)<br><br>*Sustained / Overruled* |
| 32. | Kelling Decl., ¶ 17(d)<br><br>*Weekly Class Write-ups and Videos.* The weekly class write-ups and videos ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Lack of foundation and inadmissible speculation/conjecture as to what is "visually discernable" (FRE 602, 701)<br><br>Improper legal conclusion as to "proprietary documentation" and "proprietary TA Cueing Method" (FRE 701)<br><br>*Sustained / Overruled* |

| | | |
|---|---|---|
| |  | |
| 33. | Kelling Decl., ¶ 18<br><br>18. Prior to commencing any training or obtaining any of TANY's confidential information, trainers are required to execute a trainer agreement which prohibits the use or disclosure of TANY's confidential information. | Improper legal conclusion as to "confidential information" (FRE 701)<br><br>*Sustained / Overruled* |
| 34. | Kelling Decl., ¶ 19<br><br>19. All trainers also receive the Employee Handbook at the start of their employment, which specifically discusses the confidential nature of certain information and reiterates TANY's confidential and proprietary information policy. | Improper legal conclusion as to "confidential nature of certain information" (FRE 701)<br><br>*Sustained / Overruled* |
| 35. | Kelling Decl., ¶ 20<br><br>20. Employees are also reminded of their responsibility to keep confidential TANY's proprietary information via email reminders and periodic recirculation of the Employee Handbook. | Improper legal conclusion as to "proprietary information" (FRE 701)<br><br>*Sustained / Overruled* |
| 36. | Kelling Decl., ¶ 21<br><br>21. TANY's confidential information, including documents ▬▬▬▬▬▬▬ | Improper legal conclusion as to "confidential information" (FRE 701)<br><br>*Sustained / Overruled* |

| | | |
|---|---|---|
| | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ are conveyed and disclosed to trainers via email on at least a weekly basis. Each email disclosing TANY's confidential information to an employee contains a confidentiality notice reminding the employee of their responsibility to keep information confidential. | |
| 37. | Kelling Decl., ¶ 22<br><br>22. Much of TANY's confidential information related to ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ This information is not information that is ascertainable from simply watching or taking a TA Method class. | Lack of foundation and inadmissible speculation/conjecture as to what is "ascertainable" (FRE 602, 701)<br><br>Improper legal conclusion as to "confidential information" (FRE 701)<br><br>*Sustained / Overruled* |
| 38. | Kelling Decl., ¶ 23<br><br>23. During weekly content meetings, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ This information is also not ascertainable from simply watching or taking a TA Method class ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | Lack of foundation and inadmissible speculation/conjecture as to what is "ascertainable" (FRE 602, 701)<br><br>*Sustained / Overruled* |
| 39. | Kelling Decl., ¶ 24<br><br>24. In order for Roup to satisfactorily perform in her role as a TA Trainer, she | Lack of foundation and inadmissible speculation/conjecture as to what Roup "needed" to |

| | | |
|---|---|---|
| | would have had to memorize much, if not all, of the confidential information detailed in paragraph 17, including the cueing protocol, weekly writeups, and client specific information. | memorize to perform her role as a TA Trainer (FRE 602, 701)<br><br>Improper legal conclusion as to "confidential information" (FRE 701)<br><br>*Sustained / Overruled* |

### C. Objections to Other Evidence

| | **Material Objected To** | **Grounds for Objection** |
|---|---|---|
| 37. | Declaration of Nathaniel L. Bach (Dkt. 69-3), Exh. 3 (Kelling Depo.) at 166:25-167:15 ["I think the company does have reason to believe that [Roup] took confidential information when she left the company…[because] she is mimicking our expressive creative movement and creating a product and selling it as her own"]; | Lack of foundation as to the basis for the company's "belief" (FRE 602)<br><br>Inadmissible speculation and conjecture as to what Roup "took" (FRE 701)<br><br>*Sustained / Overruled* |
| 38. | Declaration of Nathaniel L. Bach (Dkt. No 69-3), Exh. 1 (First Amended Complaint), ¶¶ 1, 19, 47, and 51. | An unverified complaint "cannot be considered as evidence at the summary judgment stage." *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006); *Bond v. Knoll*, 2014 WL 7076901, at *9 (C.D. Cal. Dec. 10, 2014) (Gutierrez, J.). |

Dated: May 24, 2024

Respectfully Submitted,
MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Nathaniel L. Bach*
     Nathaniel L. Bach

*Attorneys for Defendants*